State, *ex rel.*, *v.* Manson.

STATE, *ex* *rel.* *v.* MANSON.

*(Jackson.*    June 27, 1900.)

1. HOSPITAL FOR INSANE.   *Appointment of trustee to fill vacancy, how made.*

The statutes do not require confirmation by the Senate of an appointment by the Governor to the office of trustee of the Asylum for the Insane, when made to fill a vacancy caused by death, resignation, or otherwise than by expiration of full term.   And such appointee acquires, without confirmation of the Senate, complete and perfect title to said office for the entire unexpired term, although it may continue and extend over one or more sessions of the Legislature.

Code construed: §§ 2585, 2586 (S.); §§ 2024, 2025 (M. & V.); §§ 1521, 1522 (T. & S.).

2. STATUTES.   *Meaning of, how ascertained.*

To ascertain the intention of the Legislature is the controlling object in the construction of statutes.   A statute will be taken literally, unless its language is of doubtful import.   If the words of a statute are free from ambiguity and doubt, and express plainly, clearly and distinctly the sense of its framers, there is no occasion to resort to other means of interpretation.   It is not allowable to interpret what has no need of interpretation.

FROM   HARDEMAN.

Appeal   from   Chancery   Court   of   Hardeman County.   A. G. HAWKINS, Ch.

C. G. BOND and E. L. BULLOCK for relator.

GEO. B. PETERS, A. T. McNEAL and C. A. MILLER for defendants.

McALISTER, J. This record presents a contest between claimants to the office of trustee for the Western Hospital for the Insane. The relator, A. J. Coates, who is seeking by mandamus to compel the trustees of said institution to induct him into office, claims title by virtue of an appointment from Gov. R. L. Taylor to fill out the unexpired term of J. W. Wilkes, who died in August, 1897. Defendants resist the right of the relator to be inducted into said office upon the ground, first, that the Senate did not act on relator's appointment, and, second, that on March 3, 1899, Governor McMillin, by and with the advice and consent of the Senate, appointed John H. Bills to said office.

The Code of Tennessee, after creating the office of trustee for the Hospital for the Insane and prescribing their duties, provided as follows (§ 2585, Shannon's Code): "They shall be nominated and by and with the advice and consent of the Senate shall be appointed by the Governor as often as vacancies occur by expiration of the terms of the incumbents."

Sec. 2586. "They shall hold their offices for the term of six years; and if a vacancy occurs in the office by death, resignation or otherwise, it

shall be filled by the Governor for the unexpired term of such trustee."

The facts are that on the 25th of March, 1897, J. W. Wilkes was appointed by the Governor of the State, with the advice and consent of the Senate, a trustee for the Western Hospital for the Insane for the full term of six years. Wilkes was inducted into said office and continued to discharge the duties until — day of August, 1897, when he died. On the 19th day of October, 1897, thereafter, the relator, A. J. Coates, was appointed by the Governor and commissioned a trustee for said hospital to fill the unexpired term of Wilkes. On the 3d of March, 1899, Governor McMillin, by and with the advice and consent of the Senate, appointed John H. Bills as trustee for said hospital. It was recited in the commission of Bills that the appointment was made on account of a vacancy having occurred by reason of the expiration of the term of A. J. Coates. The appointment of Bills was made for a full term of six years. It should have been stated that the relator, Coates, entered upon the discharge of his duties and continued to fill the office until he was ousted by the appointment of Bills. The question presented for our determination, upon the record is, Whether an appointment made by the Governor to fill a vacancy occasioned by the death of an incumbent is only *ad interim* and until the Senate

State, *ex rel.*, *v.* Manson.

confirms or rejects, or does the appointee fill out the unexpired term?

The contention of the relator is that his nomination and commission by Governor Taylor on October 1, 1897, constituted an appointment for the unexpired term of Wilkes, and that the Governor and Senate were without authority to make the appointment of Bills on March 3, 1899, since the relator's term had not then expired.

The contention of the defendant is, "that the nomination and commission of said Coates, on October 1, 1897, being without the advice and consent of the Senate, entitled him to the position until such time as that body might act in conjunction with the Governor in making an appointment, and that Coates' term expired upon the appointment of Bills, made by the Governor with the advice and consent of the Senate."

The Chancellor held that, upon a proper construction of the statutes, the Governor is empowered to fill a vacancy occasioned by death or resignation by an appointment for the unexpired term, and that such an appointment does not require the confirmation of the Senate.

It cannot be denied that, under the strict literalism of the statute, the appointment of Coates for the balance of Wilkes' term was expressly authorized, but it is insisted all cognate and constituent statutes on this subject are to be construed in *pari materia,* and that when viewed as

a whole they disclose the legislative intent that an appointment by the Governor to fill a vacancy shall not extend beyond the meeting of the Senate without its concurrence, and that such body has a co-ordinate right with the Governor in filling such places and in supplying vacancies.

It is argued on behalf of the respondent that the Senate is given co-ordinate authority, and that the Governor's power is merely the nominating power, until by approval of the Senate it becomes a power of appointment. The appointing power, it is further said, the complete filling of the office, must be by concurrent action, save only when, from the circumstances of the case, the Senate cannot be consulted and the Governor must act alone. As illustrating the intent of the Legislature, and the consequences that would follow the literal construction of the statute, reference is made to the fact that Wilkes was appointed, by and with the consent of the Senate, in February, 1897, for the full term of six years, and at the date of his death had only served six months, and that Coates, appointed his successor during the recess of the Senate, would fill the office for five years and six months, nearly a full term, without any concurrent action on the part of the Senate.

It may be said, in answer to this suggestion, that, if the law has lodged in the Executive the appointing power to fill vacancies occasioned by

death or resignation, without the concurrent action of the Senate, it is wholly immaterial that the tenure of such an appointment may extend nearly a full term. So, at last, the solution of the question depends upon a proper understanding and interpretation of the statutes regulating this subject. "One who contends that a section of an Act must not be read literally, must be able to show one of two things—either that there is some other section which cuts down or expands its meaning, or else that the section itself is repugnant to the general purview. The question for the Court is, What did the Legislature really intend to direct? And this intention must be sought in the whole of the Act, taken together, and other acts in *pari materia.*" Sutherland on Statutory Construction, Sec. 238, p. 316; *Nath* v. *Tamplin,* L. R., 8 Q. B. Div., 12, 253.

Says the same author: "The rules of construction with which the books abound apply only when the words are of doubtful import. They are only so many lights to assist the Courts in arriving with more accuracy at the true interpretation of the intention. . . . .

"The literal interpretation of a statute, according to Lieber's definition, is finding out the true sense by making the statute its own expositor. If the true sense can thus be discovered, there is no resort to construction. . . . It is beyond question the duty of Courts, in construing statutes,

to give effect to the intent of the law-making power and seek for that intent in every legitimate way. But . . . . first of all, in the words and language employed; and if the words are free from ambiguity and doubt, and express plainly, clearly, and distinctly the sense of the framers of the instrument, there is no occasion to resort to other means of ' interpretation. It is not allowable to interpret what has no need of interpretation." Sutherland on Statutory. Construction, Secs. 236, 237.

It has already been seen that, by the plain and unambiguous language of § 2585, Shannon's Code, that if a vacancy occurs in the office by death, resignation, or otherwise, it shall be filled. by the Governor for the unexpired term of said trustee. But it is insisted that this language is. limited by the preceding section. It is manifest, however, that section is dealing with original appointments and filling vacancies occasioned by the expiration of the terms of incumbents. There is. no .antagonism or inconsistency between the two sections, but they relate to wholly distinct subjects. In this connection it is well said by learned counsel for relator, viz.: "Neither in terms. nor by implication can anything be found in. said Acts conferring upon the Senate the power to act where the vacancy occurs by death. It is. equally clear from said sections that the legislative grant of power jointly to the Executive and.

Senate is confined to filling vacancies occurring by reason of the expiration of the term of office. There is nothing in said sections, either in terms or by implication, authorizing the construction that when a vacancy occurs by death the executive appointment shall be limited by the subsequent action of the Senate. On the contrary, the Act, in express terms, provides that the Executive appointments in such cases shall be for the unexpired term. To limit in such cases the executive appointment to a period when the Senate shall act, would destroy the terms of the statute providing that the appointment shall be for the unexpired term, and interpolate a limitation upon the terms of incumbents violative of the words and intent of the Act.

"By the express terms of § 1521 of the Code of Tennessee, the advice and consent of the Senate to the appointment by the Governor of the trustee is limited to a vacancy occurring by the expiration of the term of office of the trustee. By the express terms of § 1522 of said Code, the sole power to fill a vacancy occurring by the death of a trustee is vested in the Governor; such appointment to be for the unexpired term of the deceased incumbent. The two sections of said Code not only fail to confer any power upon the State to act in the last case, but exclude the power of the Senate to take any action."

The Constitution of . 1870 provides that "the election of all officers, and the filling of all vacancies not otherwise directed · or provided by this Constitution, shall be made in such manner as the Legislature shall direct." Art. 7, Sec. 4.

· The Constitution of 1834, Art. 7, Sec. 4, contained substantially the same provision. In that instrument the word "vacancies" was followed by the phrase, "that may happen by death, resignation, or removal." This, however, is immaterial. The Legislature admittedly had the power to provide for the appointment of these trustees and the filling of all vacancies that might happen in their offices in such manner as it deemed most judicious. The original Act was passed February 5, 1848, and by the sixth section provided as follows, namely: "The Governor shall nominate, and by and with the advice and consent of the Senate appoint, nine trustees of said institution, two from East Tennessee, two from West Tennessee, and five from Middle Tennessee, of which five three shall be residents in or near Nashville, the other two out of Davidson County. Three of the trustees first appointed shall serve two years, three four years, and three for six years, at the expiration of which period the vacancies shall be filled by appointment for six years, and should a vacancy occur by death, resignation, or otherwise, it shall be filled by executive appointment for the unexpired term of

such trustee." Nicholson's Supplement, Chap. 205, p. 36.

It would seem very clear from this Act, which is the prototype of the section found in the Code, that the power of filling vacancies in said offices was committed to the executive department, and they were not to be made *ad interim* until the meeting of the Senate, but for the unexpired term. It is very obvious, too, that when the Governor and the Senate are empowered to act concurrently, it is to make an appointment for a full term, and not to fill an unexpired term. The appointment of Bills for a full term of six years was unauthorized, if for no other reason than that the term of his predecessor, Wilkes (leaving Coates out of view), had only partially expired, and herein lies the real test. If the concurrent action of the Governor and Senate is expressly limited to appointments for a full term of six years, what voice can the Senate have in filling an unexpired term? Not by implication, for that matter is expressly committed by the Act to the executive department. There is no room here for the application of artificial rules of construction, since the Acts are perfectly plain and consistent. It is, moreover, perfectly obvious, from a consideration of all the Acts of the Legislature on this subject, that uniformity in the tenure of appointment was intended. An appointment of a trustee

21 P—16

by the Senate for a full term of six years to fill a vacancy occasioned by death, resignation, or otherwise, destroys at once the uniformity of tenures. The system intended to be established by the Legislature can only be preserved by following the law as written. It is probable that the nomination and appointment of Bills was made under the misapprehension that the term of his predecessor, Coates, had expired. But at the time Coates was appointed only six months of the six years' term of Wilkes had expired, and when, on March 3, 1899, Bills was appointed, Coates had served only sixteen months, and there yet remained four years and two months of Wilkes' term, which could not expire until February, 1903.

We are therefore of opinion that the appointment of Bills was unauthorized and void, and that Coates is entitled to fill out the unexpired term of Wilkes. The Chancellor so held, and we affirm his decree.