Robert Baxter *et al. v.* John Jenkins *et al.*

*(Nashville,* December Term, 1955.)

Opinion filed March 9, 1956.

Rehearing denied April 5, 1956.

626

JACKSON, TANNER & LEATHERS and HARRY S. LESTER, all of Nashville, for appellants.

ELMER D. DAVIES, JR., County Attorney, of Nashville, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Chancellor held Chapter 650 of the Private Acts of 1949, which is an Amendatory Act, applying to Davidson County, unconstitutional.

The Amendatory Act in question sought to amend Chapter 400 of the Private Acts of 1949, and provides as follows:

> "An Act to amend Chapter 400, Private Acts of 1949, by striking and removing from the caption and body of said Act the words 'and produce dealers' and defining the word 'farmer' as referred to in said Act and to repeal and abolish all laws in conflict with such amendments."

The original Act, being Chapter 400 of the Private Acts of 1949, was for the establishment of a Farmers' Market for Davidson County, and contained in its caption and in its body the words "for use by farmers and

produce dealers." Evidently it was the purpose of the amendment to confine the facilities to the farmers. The complainants in the present bill are farmers and seek to have produce dealers excluded from the facilities, and no doubt this was the purpose of the Amendatory Act here involved.

The Chancellor was of the opinion that under our holding in *Memphis St. R. Co.* v. *State,* 110 Tenn. 598, 75 S. W. 730, that the Amendatory Act was void. Under Article 2, Section 17, of our Constitution it is required that all acts which amend former laws shall recite in their caption, or otherwise, the title or substance of the law amended.

Where the Amendatory Act fails to make such recital it does not comply with this constitutional provision. And the case relied on also held that it is not sufficient in the Amendatory Act to refer to a Section of an unofficial Code.

■ There are three ways to uphold an Amendatory Act:

(1) By reciting in the caption of the Amendatory Act the title or substance of the Act sought to be amended; (2) to refer in the Amendatory Act to a section or sections of an official Code; (3) to so set out language in the caption and body of the Amendatory Act that the reader is put on notice that the Amendatory Act or subsequent Act covers the same subject, and these enactments are referred to as repeals by implication.

■ The Amendatory Act in question, that is Chapter 650 of the Private Acts of 1949, does not comply with either one of the three requirements above set out.

It is also insisted, in seeking to uphold the Amendatory Act, that since it was passed at the same session of the Legislature, that it should be construed in pari materia

with the words of the original Act. *Bird* v. *State,* 131 Tenn. 518, 175 S. W. 554; *Hill* v. *Roberts,* 142 Tenn. 215, 217 S. W. 826; *Gates* v. *Long,* 172 Tenn. 471, 113 S. W. (2d) 388.

█ It is well settled that in arriving at the intention of the Legislature in construing statutes, the rule of in pari materia is of force when the statutes in question were passed at the same session of the Legislature. However, this does not mean that this rule can supply constitutional deficiency. In other words, this is a rule of construction and can in no sense run counter to the expressed provisions of the Constitution.

It results that we think the Chancellor was correct in declaring the Amendatory Act unconstitutional and his decree is affirmed.