ISABELLA HEULITT ORR AND LESTER M. HEULITT, PLAINTIFFS-APPELLANTS, v. STANLEY M. ORR, DEFENDANT, AND STANLEY W. ORR, DEFENDANT-RESPONDENT.

Argued November 6, 1961—Decided December 18, 1961.

*Mr. John C. Givens* argued the cause for plaintiffs-appellants (*Messrs. Parsons, Canzona, Blair & Smith,* attorneys).

*Mr. M. Raymond McGowan* argued the cause for defendant-respondent (*Messrs. Barkalow, McGowan & Krusen,* attorneys).

The opinion of the court was delivered by

SCHETTINO, J.   The issues in this case involve the applicability of the doctrine of *Koplik v. C. P. Trucking Corp.,* 27 *N. J.* 1 (1958).   Appeal was taken to the Appellate Division from the trial court's order granting a motion to dismiss the third and fourth counts of the complaint.   In the former count, Isabella Heulitt Orr seeks to recover damages from her husband, the respondent, Stanley W. Orr, for a pre-nuptial tort.   In the latter count, Lester M. Heulitt, father of Isabella, seeks damages against the respondent for medical expenses and loss of services allegedly stemming from the injuries to Isabella.   Before argument in the Appellate Division, we certified the appeal on our own motion.   *R. R.* 1:10–1(a).

On May 31, 1959 Isabella, then an unemancipated minor, was injured when the automobile in which she was riding left the highway. The car was owned by defendant, Stanley M. Orr, and driven by the respondent. This suit was instituted subsequent to Isabella's marriage.

The motion was grounded on the argument that as to the female plaintiff there existed immunity from suit due to the marital relationship. As to her father, defendant argued that the marriage emancipated the daughter and therefore terminated any parental right of services. In ruling that defendant's motion should be granted, the trial court relied upon the *Koplik* doctrine of interspousal immunity regarding Isabella's claim. The court then reasoned that the father's cause of action was derivative and would therefore be barred because his daughter had no right to sue.

### I.

*Koplik* reaffirmed the prohibition against negligence actions between a husband and wife even though the accident occurred before marriage. A majority of the court adhering to *Koplik,* that portion of the judgment dismissing Isabella's action against her husband is therefore affirmed.

### II.

We next consider whether *Koplik* also bars the father's right to recover for medical expenses and loss of services for the period between the date of the accident, May 31, 1959, and the date of marriage, December 29, 1960. We hold it does not.

At the outset, a point is made that the complaint fails to allege Isabella's status as a minor during the above period. Another subordinate point argued is that the father requests recovery in the complaint for damages covering loss of future services. It is enough to note that

a request to correct these deficiencies in the complaint was orally made at the time of argument on the motion to dismiss. In both respects the father should be granted permission to amend the complaint. We therefore treat the basic issue as if these amendments were already made.

Respondent recognizes that the applicable law indicates a separate right in the father to maintain an action for consequential damages. Nevertheless, he argues that the right is at the same time derivative and dependent or incidental. He emphasizes this argument by contending that the right of a parent, "the holder of the consequential-damage," should rise no higher than the right of the holder of the primary claim, the infant; that unless the infant is entitled to recover, the parent cannot; and that as the infant's right is barred (in this case by marriage to respondent) the parent is also barred.

It has often been declared that a husband's or a parent's claim for consequential damages will succeed only if all of the elements of liability exist as to the wife or infant. *Rossman v. Newbon*, 112 *N. J. L.* 261 (*E. & A.* 1933); *Vorrath v. Burke*, 63 *N. J. L.* 188 (*Sup. Ct.* 1899); 3 *Restatement of Torts* § 703, comment a (1938). Parenthetically we note that this principle has come under attack by many authors. 1 *Harper and James, The Law of Torts* 633, 640 (1956); *Prosser, The Law of Torts* § 104, at *p.* 702, and authorities in n. 48 (*2d ed.* 1955). But the full scope of that question need not now be reviewed. While ordinarily the facts establishing initial liability of the defendant to the child must be proved in a parent's cause of action for consequential damages, application of the term "derivative" to such a cause of action does not thereby transform what is basically a separate cause of action into one which is dependent upon the continued existence of another.

That the same tortious act may give rise to two or more separate causes of action is widely recognized. *Prosser, supra, p.* 699 n. 13. A tort committed upon an

infant, with certain exceptions not material here, gives rise to a cause of action in the infant and a separate and distinct cause of action in the parent. *Higgins v. Schneider,* 61 *N. J. Super.* 36 (*App. Div.* 1960), affirmed 33 *N. J.* 299 (1960). Each is maintainable in its own right. *Maccia v. Tynes,* 39 *N. J. Super.* 1 (*App. Div.* 1956); *Blanken v. Braslow,* 130 *N. J. L.* 475 (*Sup. Ct.* 1943); *Kimpel v. Moon,* 113 *N. J. L.* 220 (*Sup. Ct.* 1934); *Trevorrow v. Boyer,* 52 *N. J. Super.* 215 (*Law Div.* 1958). In this case the father sues to recover damages for losses suffered directly by him, not for injuries allegedly suffered by his daughter.

The independent nature of a parent's cause of action is emphasized by cases holding that a denial of recovery by a child for injuries received will not be *res judicata* in the parent's subsequent suit for consequential damages. *Youngblood v. Taylor,* 89 *So.* 2d 503 (*Fla. Sup. Ct.* 1956); *Gumienny v. Hess,* 285 *Mich.* 411, 280 *N. W.* 809 (*Sup. Ct.* 1938); *Restatement, Judgments* § 79, comment j, illustration 2 (1942). So too, where a cause of action in the infant is subsequently barred by a statute of limitations that fact of itself will not bar an action by a parent. 3 *Restatement, Torts* § 703, comment b (1938). Respondent urges that *Rex v. Hulner,* 26 *N. J.* 489 (1958) is to the contrary. We do not agree. Although the wife in that case conceded that her cause of action was barred by *N. J. S.* 2A:14–2 (the two year statute of limitations), we merely held that the husband's cause of action for consequential damages was itself subject to the statute of limitations applicable to "an injury to the person." Had the "same operative facts" (*Rex,* at *p.* 492) given rise to a claim for damage to personal property, the six year statute of limitations would apply. *N. J. S.* 2A:14–1.

We are of the opinion that marriage of the infant should have no greater effect upon a parent's cause of action for consequential damages than any of the above impediments

which have previously been asserted as a bar. Assuming, as we must, that the basis for respondent's liability originally existed as to Isabella, neither reason, justice nor precedent would dictate that the father's cause of action cannot now be maintained. *Hudson v. Hudson, 174 A. 2d 339, 345 (Md. Ct. App.* 1961).

The judgment insofar as it bars the daughter's cause of action is *affirmed* and insofar as it bars the father's cause of action is *reversed.* No costs.

*For affirmance in part and reversal in part*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.