ALLEN LEE MONK, Petitioner,

*v.*

JAMES E. RAMSEY, Respondent.

ALLEN LEE MONK, Petitioner,

*v.*

SANDRA K. RAMSEY, Respondent.

443 S.W.2d 653.

(*Knoxville*, September Term, 1968.)

Opinion filed July 18, 1969.

SWINGLE, HARDIN & FLETCHER, Greeneville, for petitioner.

MILLIGAN, SILVERS & COLEMAN, Greeneville, for respondents.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

Sandra K. Monk, a minor, recovered a judgment against her husband, Allen Lee Monk, for personal injuries sustained prior to their marriage while riding as a guest passenger in an automobile driven by Monk. Her father, James E. Ramsey, recovered a judgment for medical expenses and loss of services. The cases were consolidated for trial.

Defendant appealed to the Court of Appeals insisting there, as he did in the trial court, the subsequent marriage of the parties extinguished Sandra's right of action against her husband's tort. Defendant, also, insisted the father's action was derivative of his daughter's and it was likewise extinguished by the marriage.

The Court of Appeals overruled defendant's contentions and affirmed the trial court.

We granted certiorari and the case has been very ably briefed and argued in this Court.

The accident and injuries to Sandra occurred on October 28, 1965. In June, 1966, Sandra and defendant, Allen Lee Monk, were married. The suits were filed on October 28, 1966.

At the trial, the trial judge required the parties to stipulate defendant carried a policy of public liability insurance protecting him in an amount exceeding the two

judgments; and, upon that ground, allowed the two judgments to stand.

The Court of Appeals affirmed, stating the Insurance Company was the real party to the actions whose liability became fixed prior to the marriage of defendant, the nominal party.

Although the Court of Appeals undertook to distinguish the case of *Raines v. Mercer,* 165 Tenn. 415, 55 S.W.2d 263 (1932), we think that case controls the question as to whether Sandra's suit was extinguished by her marriage.

In the Raines case, J. W. Raines permitted his son, Bill, to use his car to take his date to a theater. On the night of the accident it was dark and raining. The father told his son to limit his trip to the theater because of the weather conditions and no insurance was carried on the car.

Contrary to the instructions, the son drove the car with his date, Pauline Mercer, into Georgia. In returning to the home of Miss Mercer, the accident occurred from which she received injuries. She instituted an action against J. W. Raines and while the suit was pending she married Bill.

The Court held the subsequent marriage extinguished Pauline's antenuptial right of action for Bill's tort and thus her right of action against the father, resting upon the doctrine of respondent superior, could not be maintained against J. W. Raines, the principal.

The Court went on to specifically say:

"The marital unity, which settled rules of law we have recognized through so many years, prevents the

operation of those general statutes designed to remove particular disabilities of married women. The question is not whether disabilities have been removed but whether the long-prevailing rule of the law, declaring husband and wife to be one person, in legal contemplation, has been annulled. Until this rule is annulled by statute, all rights of action for antenuptial wrongs of the husband to the wife are extinguished by their marriage. Because marriage extinguished antenuptial actions for tort between husband and wife, the wife could not maintain an action against him for injury to her person committed before marriage or during coverture. *Henneger v. Lomas,* 145 Ind. 287, 44 N.E. 462, 32 L.R.A. p. 848; Schouler's Husband and Wife, sec. 81; 30 C. J., 714, 715, note 71; *Tobin v. Gelrich,* 162 Tenn. 96, 34 S.W.(2d) 1058.''

■ The whole body of the common law on the subject of domestic relations has been adopted in this State and is in force, except insofar as it has been modified by statutes. *McCorry v. King's Heirs,* 22 Tenn. 267 (1842).

■ The common law governs in Tennessee unless changed by statute. *Metropolitan Government of Nashville and Davidson County v. Allen,* 220 Tenn. 222, 415 S.W.2d 632 (1967).

■ The fact defendant carried a standard liability insurance policy is immaterial.

■ However, plaintiffs insist the rule marriage extinguished antenuptial actions for tort between husband and wife was in effect abrogated by the Financial Responsibility Law. We disagree.

The common law rule under consideration is not mentioned nor referred to in the Financial Responsibility Law.

■ Rules of the common law are not repealed by implication, and if a statute does not include and cover such a case, it leaves the law as it was before its enactment. *Pickens v. Daugherty,* 217 Tenn. 349, 397 S.W.2d 815 (1965).

■ Moreover, the purpose of our Financial Responsibility Law is to protect our citizens whereby compensation may be collected for injuries caused by negligence of motorists operating automobiles without insurance or adequate insurance. *Erwin v. State Farm Mutual Automobile Insurance Company,* 232 F.Supp. 530 (1964).

From what we have hereinabove said, it is apparent these suits do not come within the purview of our Financial Responsibility Law.

■ Finally, defendant contends, since Sandra's action must fail, her father cannot maintain his suit for medical expenses and loss of services. We disagree.

Defendant relies on the case of *Dudley v. Phillips,* 218 Tenn. 648, 405 S.W.2d 468, 21 A.L.R.3d 462 (1966), wherein this Court laid down the following rule:

"We hold a cause of action arising in favor of the parent resulting from a tort committed against the child is derivative in nature and such action is subject to the same defenses that are available in the action arising in favor of the child."

We are of the opinion the rule in the Dudley case has no application to the facts of the instant case.

In Dudley the minor son sued for personal injuries in a vehicle collision involving an automobile owned by Phillips and operated at the time by his son. The minor brought suit for personal injuries against Phillips and his

son. The minor's father brought suit against the same defendants for medical expenses and loss of services. The cases were consolidated for trial and were tried together on the same evidence before the same jury. The jury returned a verdict in favor of the father and against the minor.

The trial judge told the jury they had reached an inconsistent verdict. He then charged them the right of the father to recover any damages depended upon the right of the minor son to recover personal damages. That is: the father's suit was derivative and dependent upon the son's right to recover.

The jury was returned to the jury room to reconsider its verdict and later returned verdicts in favor of both plaintiffs.

On appeal, the action of the trial judge in instructing the jury the father's suit was derivative and dependent upon the son's right to recover was assigned as error.

In the case at bar, the verdicts were not inconsistent. The error committed on the trial was that of the trial judge in not dismissing Sandra's suit because her right of action, as a matter of law, had been extinguished by her marriage to defendant. She had a right of action prior to the marriage. Her father's right of action accrued prior to the marriage and was not extinguished or barred by her subsequent marriage.

"It is the rule in this State that the cause of action of the minor for personal injuries and the cause of action for loss of services by the parent are separate and distinct, and a recovery or failure to recover in an action by one does not estop the other from prosecuting his cause of action against the defendant." *Boring v. Miller,* 215 Tenn. 394, 386 S.W.2d 521 (1966).

It is true the facts of the initial liability of a defendant to a minor must be shown in a parent's suit for medical expenses and loss of services. But merely because the action is derivative in nature of the right of the minor to recover for those injuries does not change a separate and distinct cause of action into one dependent upon the continued existence of the other. *Orr v. Orr,* 36 N.J. 236, 176 A.2d 241, 91 A.L.R.2d 906 (1961).

The father sued for damages sustained by him, not for injuries to his daughter.

The judgment of the Court of Appeals in affirming the action of the trial judge in failing to dismiss the suit of the minor is reversed and that suit is dismissed at her cost. The judgment of the Court of Appeals affirming the judgment of the father against the defendant is affirmed at the cost of defendant.

BURNETT, CHIEF JUSTICE, and DYER, CRESON and HUMPHREYS, JUSTICES, concur.