120 N.J. Super. 452 (1972)
294 A.2d 886
CAROL INELLI BERRY, AN INFANT BY HER GUARDIAN AD LITEM ARMAND INELLI AND ARMAND INELLI, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
DENNIS BERRY, EARLY HINES, JR., RICHARD N. TAYLOR AND RONALD N. HEYMANN, DIRECTOR OF MOTOR VEHICLES, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 5, 1972.
Decided August 31, 1972.
*453 Before Judges COLLESTER, MINTZ and LYNCH.
Messrs. Stein, Bliablias & Goldman, attorneys for appellants (Mr. James G. Leonardson on the brief).
Mr. John W. Taylor, attorney for respondent Dennis Berry.
PER CURIAM.
Plaintiffs, pursuant to leave granted, appeal from a summary judgment dismissing their complaint against defendant Dennis Berry.
*454 The facts are not in dispute. On April 12, 1970 plaintiff Carol Inelli Berry, then unmarried and an unemancipated minor, was injured when she was a passenger in an automobile driven by defendant Dennis Berry which collided with an automobile operated by defendant Early Hines, Jr. and owned by defendant Richard N. Taylor. A third automobile operated by an unknown driver was also involved in the accident but left the scene.
On August 20, 1970 Carol married defendant Berry. Thereafter, on December 30, 1970, Carol by her guardian ad litem, Armand Inelli, brought suit against her husband and the other defendants to recover damages for injuries she had sustained. Her father, Armand Inelli, joined in the suit to recover expenses he incurred for the medical care of his daughter and the loss of her services.
On August 17, 1971 defendant Berry moved for summary judgment on the ground that plaintiffs' cause of action was barred under the doctrine of interspousal immunity. The court granted the motion, relying upon Darrow v. Hanover Township, 58 N.J. 410 (1971).
On July 10, 1970, prior to Carol's marriage to Berry and the institution of suit, the Supreme Court in Immer v. Risko, 56 N.J. 482, abrogated the doctrine of interspousal immunity in automobile negligence cases. Thereafter, on June 7, 1971, the court in Darrow v. Hanover Township, supra, held that the Immer rule would be available only to persons suffering injuries in automobile accidents which occurred after July 10, 1970, the date Immer was decided. The accident in the instant case having taken place on April 12, 1970 the trial court ruled that plaintiffs' cause of action was barred.
Plaintiffs first contend that Immer had no effect upon Carol's cause of action because she was unmarried on July 10, 1970, the date Immer was decided; that her claim was not extinguished by her marriage to Berry on August 20, 1970 because the doctrine of interspousal immunity had then been abolished in New Jersey. They further contend that *455 Darrow must be construed on its facts and rationale as applying only to automobile accidents occurring after the parties were married and prior to July 10, 1970. They argue that Darrow applies only to postnuptial accidents and not prenuptial accidents.
We do not agree. First, whether interspousal immunity is a defense must be resolved by the status of the parties when the cause of action is judicially determined  not when the cause of action accrued or suit was commenced. Koplik v. C.P. Trucking Corp., 27 N.J. 1, 7-8 (1958). Here Carol and Berry were married to each other when the motion for summary judgment was granted.
Secondly, we do not agree with the contention that Darrow applies only to postnuptial accidents. While the parties in that case were married at the time of the accident, the Immer rule abolishing interspousal immunity, which was given a prospective application by Darrow, was based on a prenuptial accident similar to that in the instant case. The Darrow court made no distinction between prenuptial or postnuptial accidents although it certainly was mindful that Immer was a prenuptial case. The ruling in Darrow is clear, "The Immer rule will be available only to persons suffering injuries in automobile accidents occurring after July 10, 1970, the date Immer was decided." (58 N.J. at 420). The ruling is not limited to parties who were married at the time of the accident, but to all persons.
We note that in Darrow the court stressed the fact that there was a reasonable basis for reliance on the doctrine of interspousal immunity  particularly on the part of insurance companies in the investigation of accidents. Prior to Immer insurors had no reason to promptly investigate accidents involving the possibility of interspousal claims. However, as already noted, the accident in the instant case occurred on April 12, 1970 when Carol was unmarried. Immer was decided on July 10, 1970. Carol did not marry Berry until August 20, 1970. Under these circumstances we conceive no basis for concluding that the insurance company *456 relied upon the doctrine of interspousal immunity. The sequence of events dictate otherwise. However, while Darrow is factually distinguishable we, nevertheless, are obliged to apply the rule of law therein enunciated.
We conclude that the trial court properly granted summary judgment dismissing the action brought by Carol Berry against her husband.
We turn next to the action brought by Armand Inelli, Carol's father, to recover damages for expenses he incurred for medical care to cure the injuries sustained by his daughter and the loss of her services until her marriage to Berry on August 20, 1970. While not argued below or raised on appeal, it is settled that the marriage of an infant daughter to the alleged perpetrator of a prenuptial tort does not bar the right of a father to recover for medical expenses or loss of services for the period between the date of the accident and the date of the marriage. Orr v. Orr, 36 N.J. 236 (1961).
The judgment barring the suit by Carol Berry against Dennis Berry is affirmed; insofar as it bars Armand Inelli's cause of action it is reversed and remanded for trial.