JOHN W. GOTSCH, PLAINTIFF-RESPONDENT, v.
GAIL GOTSCH, DEFENDANT-APPELLANT.

Argued April 24, 1973—Decided June 19, 1973.

*Mr. Frank G. Basile* argued the cause for the defendant-appellant (*Messrs. Kavesh & Basile,* attorneys).

*Mr. Jay H. Greenblatt* argued the cause for the plaintiff-respondent (*Messrs. Greenblatt & Greenblatt,* attorneys).

PER CURIAM. This Court held in *Darrow v. Hanover Township,* 58 *N. J.* 410 (1971) that the abrogation of the interspousal immunity rule in automobile negligence actions previously announced in *Immer v. Risko,* 56 *N. J.* 482 (1970) would be prospective, and thus "available only to persons suffering injuries in automobile accidents occurring after July 10, 1970, the date *Immer* was decided." 58 *N. J.* at 420. The present case concerns whether *Darrow* applies to bar a suit for alleged injuries suffered in an accident on July 5, 1970, when the parties did not marry until after the date of the *Immer* decision.

The Cumberland County Court denied the defendant's motion for summary judgment, and held that suit was not barred for an antenuptial tort occurring prior to the *Immer* decision. 121 *N. J. Super.* 479 (1971). The Appellate Division affirmed substantially for the reasons expressed in the County Court's opinion, and also expressly rejected the concluion reached in *Berry v. Berry,* 120 *N. J. Super.* 452 (1972) by another Appellate Division panel that suit was barred in a similar situation involving a pre-*Immer* antenuptial tort. 121 *N. J. Super.* 454 (1972). We certified the matter in order to resolve the conflict between the decisions. 62 *N. J.* 259 (1973).

We affirm the judgment of the courts below in the present case substantially for the reasons expressed in the opinion of Judge Staller of the Cumberland County Court, 121 *N. J. Super.* 479, and hold that a plaintiff may sue his spouse for negligence in an antenuptial automobile accident occurring before July 10, 1970, where the policy considerations underlying our *Darrow* decision are absent.

Both *Berry* and the lower courts' opinions in the present case recognized that the principal policy reason given in *Darrow* for holding the abrogation of the interspousal immunity rule prospective was the unfair burden which would have been on insurance companies in defending against claims when those companies had justifiably relied on the interspousal immunity rule and consequently did not inves-

tigate accidents involving claims between married persons. The opinions in both cases further recognized that this burden ordinarily was not present in suits based on accidents occurring prior to the marriage of the parties. When the parties were unmarried at the time of the accident, the insurance company normally would have no reason to believe that the interspousal immunity rule would be available to bar the suit. Therefore, investigation of the accident and processing of the claim would proceed in normal course, and the insurance company would not be placed at a disadvantage in defending against claims for antenuptial torts arising prior to the date of the *Immer* decision.

Although the Appellate Division in *Berry* conceded that the policy considerations supporting *Darrow* were not present in a suit based on an antenuptial automobile accident, the court relied, as does the defendant here, on *Koplik v. C. P. Trucking Corp.*, 27 *N. J.* 1 (1958). In *Koplik* a majority of this Court first reaffirmed the interspousal immunity rule, principally on the ground that the Married Persons Act, *N. J. S. A.* 37:2–1 *et seq.*, demonstrated the legislative intention to continue the common law ban on tort suits between spouses. The *Koplik* majority then stated that the statutory language did not except the situation where the parties did not marry until after the accident, and held that suit was barred whenever the parties married before the termination of the action. See 27 *N. J.* at 7–9.

*Koplik* must be viewed in light of our subsequent decisions in *Immer* and *Darrow*. In *Immer* a majority of this Court rejected the contention that the Married Persons Act incorporated the interspousal immunity rule recognized at common law, concluding that the Legislature had not intended by this legislation to restrict the judiciary's traditional role in the modification of the common law. After examining the arguments for the continued recognition of the rule, the court found that the reasons advanced were of insufficient merit to deny the injured spouse a right to sue the other for negligence. Although *Immer* also involved an

antenuptial tort, the Court's abrogation of the interspousal immunity rule obviated any need for discussion of the antenuptial tort aspect of *Koplik*. See 56 *N. J.* at 484. It should be noted, however, that both the interspousal immunity and antenuptial tort aspects of *Koplik* were based on an interpretation of the Married Persons Act; when the Court rejected the position that this legislation was intended to prohibit suits between spouses, the rationale of *Koplik* was undermined both in the use of the statute as support for the maintenance of the general interspousal immunity rule and in the particular interpretation of the statutory language to deny a cause of action for an antenuptial tort.

None of the parties in *Immer* raised any question concerning the prospectivity of our decision, but in *Darrow* we recognized that in view of the substantial change in policy reflected by *Immer* and the reliance of insurance companies on the prior decisions of this Court, it would be unfair to give *Immer* retrospective effect. In recognizing the hardship on insurance companies which had failed to investigate claims before *Immer,* however, we did not intend that *Darrow* would deprive plaintiffs of the right to sue sanctioned by *Immer* where there was no reliance by the insurance company, and thus no policy reason requiring such a result. Overall, we think the line we have drawn is fair. We agree with the conclusions of the courts below, and disapprove the decision in *Berry v. Berry, supra.*

*For affirmance* — Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR, MOUNTAIN and SULLIVAN, and Judge LEWIS—6.

*For reversal*—None.