**STATE of Tennessee, Respondent,**

v.

**Jimmy Dean ALLEY, Petitioner.**

Supreme Court of Tennessee.

Feb. 18, 1980.

Quinton F. Horton, McMinnville, for petitioner.

William M. Leech, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Charles S. Ramsey, Jr., Dist. Atty. Gen., C. Michael Layne, Asst. Dist. Atty. Gen., for respondent.

## OPINION

HENRY, Justice.

This petition for post-conviction relief raises a question of first impression, *i. e.*, within the meaning of Section 37-234(a)(1),

T.C.A., does a juvenile attain age fifteen on his birthday or on the day before his birthday. The Court of Criminal Appeals held to the latter view and we granted certiorari to examine the question.

## I.

The Court of Criminal Appeals treated the issue in the abstract, basing its opinion wholly on the ancient common law rule which required the computation of one's age by including the day of birth with the result that, as a matter of law, one reaches any given age on the earliest moment of the day preceding an anniversary of birth.[1] This is the prevailing view in this country. That it does not coincide with the average person's fixed belief that he attains any given age on his birthday is of no legal significance; however, the prevalence of this view accounts for this controversy and tends to complicate a relatively simple question.

Petitioner relies on Section 1–302, T.C.A. This section provides that "[t]he time within which any act provided by law is to be done, shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall also be excluded."

■ This Court held in *Needham v. Moore,* 200 Tenn. 445, 453, 292 S.W.2d 720 (1956), that this is a "statutory enactment of the common law rule." However, in the cited A.L.R. Annotation, the common law method of age computation is said to be an exception to the terminal day formula. Be this as it may, our research satisfies us that at the common law one reaches any given birthday on the first moment of the day preceding the anniversary of the date of his birth.

■ Tennessee is a common law state. The effect of Article XI, Section 1 (Article X, Section 2, Constitution of 1796), of the Constitution of Tennessee was that we adopted the common law of England "as it stood at (1776) and before the separation of the colonies . . . (it) being derived from North Carolina, out of which state the State of Tennessee was carved." *Dunn v. Palermo,* 522 S.W.2d 679, 682 (Tenn.1975). That law prevails unless and until changed by statute. *Monk v. Ramsey,* 223 Tenn. 247, 443 S.W.2d 653 (1969).

Thus, it is that the common law rule obtains in Tennessee.

■ In our view, Section 1–302, T.C.A., merely provides a method for the computation of time "within which any act provided by law is to be done." It does not purport to change the common law method of age computation. The logic of the common law rule is unassailable. A person is in existence on the day of his birth. On the first anniversary he or she has lived one year and one day.

In *Turnbull v. Bonkowski,* 419 F.2d 104 (9th Cir. 1969), the Court, in construing an Alaska statute tolling the statute of limitation until claimant attained the age of nineteen years, held that he reached the age of nineteen one day before his nineteenth birthday. The Court had before it a terminal day statute identical with Section 1–302, T.C.A., which it held not to abrogate the common law rule governing when one reached a given age.

The conventional or prevailing attitude and belief evidenced by birthday commemorations and celebrations to the contrary notwithstanding, legally one attains any given age one day before his birthday.[2] We agree with the Court of Criminal Appeals in this holding as an abstract legal proposition.

■ This, however, does not end the inquiry. It reckons without consideration of the legislative intent upon which the adoption of Section 37–234, T.C.A., was based. The pertinent part of that section provides for a transfer of the child to circuit court to be dealt with as an adult if the

---

1. *See* Annot., Age Computation, 5 A.L.R.2d 1143 (1949).

2. This does not result in continued acceleration of attained age with an accompanying advancement annually. On each birth date the computation starts again.

child "was fifteen (15) or more years of age at the time of the alleged conduct if the offense charged included murder . . ."[3]

The legislative intent is not apparent from this phraseology; however, reference to the remainder of the section makes it clear that the enactment speaks in terms of birthdays.[4] Section (d) contains the phrase "after reaching eighteen (18) years of age" which is similar in legal import to the phrase "was fifteen (15) or more years of age." Section (g) speaks of holding the child in an institution "until his eighteenth (18) birthday"; of transferring him to an adult institution on his "eighteenth (18) birthday" and of the expiration of his term "prior to the eighteenth (18) birthday." It is evident that the Legislature had in mind birthdays and ages in the conventional, usual and ordinary sense of these words. Of course, the Legislature could fix any age limits it considered appropriate.

It results that defendant was not "fifteen (15) or more years of age" at the time of the murder. The transfer was erroneous and improper and the circuit court did not have subject matter jurisdiction. Its judgment was a nullity and subject to direct and collateral attack.

The judgment of the Court of Criminal Appeals is reversed and this action is remanded to the Circuit Court of Warren County with directions to further remand to the Juvenile Court for disposition.

Reversed and Remanded.

BROCK, C. J., COOPER and HARBISON, JJ., concur.

FONES, J., dissents.

FONES, Justice, dissenting.

I respectfully dissent from that part of the majority opinion that finds an intent on the part of the Legislature to use "birthday" instead of "years of age" throughout T.C.A. § 37–234.

The majority opinion clearly delineates the difference in legal effect between "years of age" and "birthday." The majority opinion correctly points out that the common law rule is that one reaches any given age on the first moment of the day preceding the anniversary of the date of his birth and that whether articulated by this Court or not it has been the law of Tennessee since statehood.

The majority opinion also makes the point that the "average person" has a fixed belief that the expressions mean the same thing. Perhaps so, but our Legislature is charged with knowing the state of the law at the time it enacts legislation. *Equitable Life Assurance Co. v. Odle*, 547 S.W.2d 939, 941 (1977), and cases cited therein. The Courts are required to give effect to the natural and ordinary meaning of the language used in statutes. In my opinion, the Courts are prohibited from indulging, in this instance, the assumption that the Legislature thought the two different expressions of age mean the same thing.

We are governed by the following principles of statutory construction quoted with approval by this Court in *Heiskell v. Lowe*, 126 Tenn. 475, 499–500, 153 S.W. 284, 290 (1912):

" 'In Dwarris on Statutes, 702, 703, it is said: "Where the Legislature has used words of plain and definite import, it would be very dangerous to put upon them a construction which would amount to holding that the Legislature did not mean what it had expressed." In a recent American work on Statutory Law, it is said that the intention of the Legislature is to be learned from the words it has used; * * * and, if that intention is expressed in a manner devoid of contradiction and ambiguity, there is no room for interpretation or construction, and the judges are not at liberty, on consideration of policy or hardship, to depart from the words of the statute; that they have no right to make exceptions or insert qualifications, however abstract

---

3. Defendant was indicted, tried and convicted on a charge of murder in the first degree.

4. The crime in this case was committed one day preceding the petitioner's 15th birthday.

justice or the justice of the particular case may seem to require it. Sedgw. on Stat. & Const.Law, 295.'

'It is obvious that to do so would be to transcend the boundary separating judicial construction from judicial legislation. It is a recognized principle of exposition, too, that it is not allowable to interpret what has no need of interpretation.' *Kirk v. State* [41 Tenn. 344], 1 Cold. [344], 346–348.

In another case, this court said:

'If the words are free from ambiguity and doubt, and express plainly, clearly, and distinctly the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation. It is not allowable to interpret what has no need of interpretation.' *State ex rel. v. Manson,* 105 Tenn. [232], 237, 238, 58 S.W. 319, 320."

I find no conflict and no ambiguity arising from the Legislature's use in T.C.A. § 37–234 of "years of age" in subsections (a) and (d) and its use of "birthday" in subsection (g).

Subsection (a) provides, insofar as relevant here, that a child charged with a statutory crime may be transferred to the criminal court and tried as an adult if the child was, "sixteen (16) years or more of age at the time of the alleged conduct," or if the offense included murder, manslaughter, rape, or robbery with a deadly weapon, or kidnapping, and the child was "fifteen (15) or more years of age" at the time of the offense.

Consistency is maintained in subsection (1), the crucial dates are the day before a child's fifteenth birthday and the day before his sixteenth birthday.

Subsection (d) provides as follows:

."(d) No child, either before or after reaching eighteen (18) years of age, shall be prosecuted for an offense previously committed unless the cause has been transferred as provided in subsection (a) of this section."

The terms of that section apply both before and after eighteen years of age and clearly it is irrelevant to its meaning whether the Legislature used "years of age" or "birthday."

The only portion of the lengthy section wherein the Legislature used "birthday" is subsection (g). In that subsection the Legislature permits a child tried as an adult and sentenced to an adult institution to be transferred to a juvenile institution, upon court approval, and to be held in a juvenile institution "until his eighteenth birthday." The subsection further provides what happens if the sentence is fully served before defendant's "eighteenth birthday" or if the sentence extends beyond defendant's "eighteenth birthday." Necessarily the Legislature was consistent in that subsection in its use of "birthday" as the critical date.

Under the principles of statutory construction by which the courts are bound it is my opinion that it is neither appropriate nor permissible for us to indulge the assumption that the Legislature construed these expressions to have the same meaning and that they really intended to use "birthday" throughout the statute. I construe it to be our obligation to apply the two different meanings to the different purposes served by subsection (a) and subsection (g).

The offense in this case was committed on the day defendant became fifteen years of age and pursuant to T.C.A. § 37–234 the juvenile court had jurisdiction to hold the transfer hearing and make an adjudication to transfer defendant to the criminal court to be tried as an adult.

I would affirm the Court of Criminal Appeals.