HERBERT MIGATZ AND LORETTA MIGATZ, RESPONDENTS,
v. JERSEY MUTUAL CASUALTY INSURANCE COMPANY,
A CORPORATION, APPELLANT.

Submitted May 29, 1930—Decided February 4, 1931.

For the respondents, *Alexander Raskin* and *Isidore Hornstein*.

For the appellant, *George F. Seymour, Jr.*

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered on a verdict of a jury directed by his honor, Judge Mountain, at the Essex County Circuit. The judgment was against the

defendant, the Jersey Mutual Casualty Insurance Company, and in favor of the plaintiff Herbert Migatz, for the sum of $2,000, and in favor of the plaintiff Loretta Migatz, wife of Herbert Migatz, for the sum of $5,000.

It appears from the exhibits and pleadings in this case that in March, 1927, the plaintiffs, Herbert Migatz and Loretta Migatz, his wife, were injured in a collision between an automobile in which they were riding and a taxicab, or auto cab, owned by one Arthur Bennett, who was doing business as the Globe Taxi Company. In May, 1927, the plaintiffs brought suit in the Supreme Court against the defendant, Bennett, to recover damages for injuries received by them. The defendant, Bennett, did not file an answer within the time prescribed by the rules, and judgment interlocutory was entered against him under date of July 12th, 1927. On September 12th, 1927, an order for assessment of damages was entered. The defendant, Bennett, died on September 9th, 1927, and an order admitting the administrator to the suit was entered on November 19th, 1927, and a notice to assess the damages was then served upon the administrator. The assessment of the damages came on to be heard before Judge Smith and a jury at the Essex County Circuit on December 5th, 1927, and the jury assessed the damages of the plaintiffs in favor of Herbert Migatz for the sum of $2,000, and in favor of Loretta Migatz, his wife, for the sum of $8,000. The suits of both plaintiffs were included in one complaint, as is allowed under the practice. Judgments were entered in favor of the plaintiffs for the amounts above mentioned, a writ of execution was issued and returned by the sheriff unsatisfied. It appears that the Jersey Mutual Casualty Insurance Company issued an auto cab liability policy to Bennett under date of October 1st, 1926, which policy was in effect at the time of the accident. The policy was issued in accordance with the provisions of *Pamph. L.* 1926, *p.* 383, which is an act entitled "An act concerning auto cabs, commonly called taxis, and their operation in the state." This act, among other things, provides that an owner of an auto cab shall not be permitted to operate the same on the public

streets or highways "until the owner of such auto cab in any municipality shall have filed with the commissioner of motor vehicles an insurance policy of a company duly licensed to transact business under the insurance laws of the State of New Jersey in the sum of five thousand dollars ($5,000) against loss from the liability imposed by law upon the auto cab for damages on account of bodily injury or death suffered by any person or persons as a result of an accident occurring by reason of the ownership, maintenance or use of such auto cab upon any public street, road or highway, and such consent shall continue effective and such operation be permitted only so long as such insurance shall remain in force; such insurance policy shall provide for the payment of any final judgment recovered by any person on account of, the ownership, maintenance and use of such auto cab or any default in respect thereto and shall be for the benefit of every person suffering loss, damage or injury as aforesaid."

In May, 1928, the respondents, who were the plaintiffs in the suit against Bennett, instituted this suit against the appellant here, the Jersey Mutual Casualty Insurance Company, under the policy of insurance issued by the said insurance company to the said Bennett. The suit was tried before the trial judge and a jury and resulted in the direction of a verdict by the court in favor of the plaintiff Herbert Migatz for the sum of $2,000, and in favor of the plaintiff Loretta Migatz for the sum of $5,000, for which sums judgment was entered. The defendant, the Jersey Mutual Casualty Insurance Company, has appealed from said judgment. The policy of insurance, as before stated, was issued pursuant to *Pamph. L.* 1926, *p.* 383, and was to indemnify the said Bennett "against loss arising from the liability imposed by law upon the assured for damages on account of bodily injuries or death suffered by any person or persons as a result of an accident occurring, while this policy is in force, by reason of the ownership, maintenance or use of the auto cab hereinafter described." The policy further stated: "The liability of the company for loss from any one judgment resulting in bodily injuries to or in the death of any one per-

son is limited to five thousand dollars ($5,000), and there shall be a continuing liability of the company for such amount under this policy, notwithstanding any recovery thereunder."

The first ground upon which the defendant seeks to have the judgment reversed is that the trial court erred in refusing to grant a nonsuit and in directing a verdict for the plaintiffs, claiming that neither the pleadings nor the proofs, either in the suit against Bennett or in the present case now before us, disclose that the auto cab, which caused the injuries, was a taxicab as defined by *Pamph. L.* 1926, *p.* 383, or that the accident occurred upon any of the streets in the State of New Jersey. We find no merit in this contention. The pleadings in the first suit show that Bennett, who was the defendant, was the owner of a Shaw yellow taxicab bearing a certain license number. That the plaintiff Herbert Migatz, and his wife, who resided in the city of Newark, New Jersey, were riding in an automobile on Waverly avenue, near Somerset street, when the accident occurred, and that a collision took place between the car in which they were riding and the said taxicab which caused their injuries. As above set forth, judgment was entered by default, which required no proof of liability, and the damages were afterward assessed by a jury. In the present case the proofs and pleadings showed that the auto cab possessed the characteristics of a taxicab as defined under *Pamph. L.* 1926, *p.* 383. The very language of the policy itself indicates that the auto cab possessed such characteristics. In addition to this it is admitted by the answer to the interrogatories which were served upon the defendant-appellant that the respondent company issued a policy of insurance to the said Bennett covering his Shaw taxicab, and that the insurance policy was in force on March 27th, 1927. This is further proved by the certificate of the commissioner of motor vehicles which discloses the same engine number that was covered by the policy of insurance. The issue in the first suit was not whether the insurance company was liable but whether Bennett was liable. The question involved in the present suit is whether the in-

surance company was liable under the policy of insurance issued by it. We think that both the proofs and the pleadings fairly establish its liability under the policy. The proofs in the present case confirm the averment of the complaint in the former suit.

The next point raised is that the trial court should have ordered a nonsuit because shortly before the entry of judgment Bennett died and an administrator of his estate was appointed and judgment entered against that administrator. The contention is that the death of Bennett wiped out any liability of the defendant to pay this judgment even though that liability would have rested upon it in case Bennett continued to live. We do not think this situation justifies the appellant's claim that there should have been a nonsuit. The original suit was brought against Bennett. The rights of the parties were to be determined as of the time when the suit was brought, and the death of Bennett, after judgment interlocutory was entered, did not change the legal rights of the plaintiffs to recover compensation from the insurance company in case the suit resulted in a verdict in their favor. It is claimed that the insurance policy insured Bennett personally and not his personal representatives. Bennett, as before stated, was liable at the time the first suit was brought and was liable when interlocutory judgment was entered. Therefore his liability has been judicially established and the assessment of damages and entry of final judgment were mere matters of liquidation of the amounts for which he was liable.

The last contention of the appellant is that the judgment is excessive for the reason that the liability of the insurance company was limited to $5,000. This contention is based on the wording of the policy which has been previously set forth; that is, the liability of the appellant from loss from any judgment resulting in bodily injuries to or in the death of any one person is limited to $5,000, and there shall be a continuing liability of the company for such amount under this policy. It may be true that in form this judgment is a single judgment. However, under our present practice

two persons whose rights of action grow out of the same accident and are identical in character may join the causes of action in a single suit against the same defendant. This practice was followed in the present case. The judgment although retained in a single suit is in fact a double judgment. In other words it is a single judgment for $2,000 in favor of the respondent Herbert Migatz, and a single judgment for $5,000 in favor of the respondent Loretta Migatz. This being true, it takes on the character of two judgments against the appellant under its policy insurance, and the appellant is therefore liable to pay each of the respondents an amount not to exceed $5,000. The provision of the policy is that the liability of the appellant shall be limited to $5,000 for bodily injuries to any one person and that its liability shall be a continuing liability as long as such policy is in effect.

The judgment under review is therefore affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.