99 N.J. Super. 377 (1968)
240 A.2d 38
ROBERT E. WILLIAMS, PLAINTIFF,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A CORPORATION OF THE STATE OF ILLINOIS, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 16, 1968.
*378 Mr. Charles L. Morgan for plaintiff.
Mr. Ralph W. Campbell for defendant (Messrs. Campbell, Mangini, Foley & Lee, attorneys).
*379 SALVEST, J.S.C.
Defendant insurer has moved for summary judgment. The question before the court is whether, under the terms of the insurance policy as written, a husband's claim for loss of services and medical expenses is included under the $25,000 limit of liability for bodily injury to one person, or under the $100,000 limit for two or more persons.
The applicable provision in the policy is:
"(1) State Farm agrees to pay all damages which the insured shall become legally obligated to pay because of
(A) bodily injury sustained by other persons, Limits of liability * * * Coverage A, $25,000 for all damages arising out of bodily injury sustained by one person in any one accident and subject to this provision $100,000 for two or more persons in any one occurrence."
"Damages whenever used with respect to coverage A, includes damages for care and loss of service."
After a careful consideration of the cases, it is my conclusion that the husband's claim for loss of services and medical expenses are included within the $25,000 limit of liability; in other words, all damage claims, direct and consequential, resulting from injury to one person, are subject to the $25,000 limitation. The husband's per quod claim is a loss resulting from a single injury suffered by his wife. The $25,000 limit provided by the policy is not a limit upon the amount which may be received by one person. It is a limit on the total amount which may be recovered for injury to one person. It matters not how many may legally share in the recovery; the total recovered from the company cannot exceed the limits of its liability under its contract for injury to one person. Napier v. Banks, 9 Ohio App.2d 265, 224 N.E.2d 158 (Ct. App. 1967).
The case at bar is one in which, as a result of direct physical injury to one person, another suffers consequential damages in the nature of medical expense or loss of service or *380 consortium. In such cases, the contention has frequently been made that for purposes of the limitation of liability clause, the claim for consequential damages should be treated separately from the claim for direct physical injury, and that each claim should be allowed up to the maximum provided for an injury to one person. This argument has been accepted in cases where the policy spoke in terms of a limitation of the amount payable for "personal injury" to one person, the courts taking the view that this term is broad enough to encompass a claim for injury, personal to the claimant, although flowing from physical injury to another. Malone v. Costa, 151 Fla. 144, 9 So.2d 275 (Sup. Ct. 1942); Gaouette v. Aetna Life Ins. Co., 253 App. Div. 388, 2 N.Y.S.2d 497 (App. Div. 1938).
In these cases, where the limitations on recovery are written in terms of maximum recovery for "personal injury" to one person, rather than "bodily injury," the courts have held that liability for consequential damages suffered by one other than the person directly physically injured, might be treated as a separate claim from the claim for direct physical injury, for purposes of applying the limitation provision, so that there could be recovery for the consequential damages, notwithstanding payment of the maximum for the direct injury. Nuzzi v. U.S. Casualty Co., 121 N.J.L. 249 (E. & A. 1938). Annotation "Construction and application of provision in liability policy limiting the amount of insurer's liability to one person," 13 A.L.R.3d 1228 (1967).
However, under policies fixing a maximum recovery for bodily injury to one person, the limitation is applicable to all claims of damage flowing from such bodily injury, and it is therefore, immaterial that some part of the damages may be claimed by a person other than the one suffering the bodily injuries. All damage claims, direct and consequential, resulting from injury to one person, are subject to the limitation. See, generally, the cases collected in Annotation, 13 A.L.R.3d 1228 (1967); 7 Am. Jur.2d, Supp. Automobile Insurance, § 195, p. 34.
*381 In Gass v. Carducci, 52 Ill. App.2d 394, 202 N.E.2d 73, 203 N.E.2d 289 (App. Ct. 1964), the automobile liability policy limited the insurer's liability to $25,000 for damages arising out of bodily injury sustained by one person in any one accident, including damages for care and loss of services arising out of bodily injury. The court affirmed a judgment for $25,000 in favor of the wife for the injuries she sustained in an automobile accident, but reversed a judgment for $7,000 in favor of the husband for loss of services and consortium. In its opinion the court observed that the term "one person" has repeatedly been construed to mean "one person injured," and that it applies to all damages sustained by all persons as the result of injury to one person.
In Smith v. Cassida, 403 Pa. 404, 169 A.2d 539 (1961), the Supreme Court of Pennsylvania held that the automobile liability policy limitation on coverage for injury to a single person, applied to the person injured and not to other persons suffering loss so that husband who sustained a loss due to wife's injury could not recover therefor as a second person injured. The policy provided:
"The limit of bodily injury liability stated in the declaration as applicable to `each person' is the limit of the Company's liability for all damages sustained by one person in any one occurrence * * * Such limits of liability for all damages include damages for care and loss of services arising out of bodily injury * * *."
The declarations attached to the policy state, "Bodily Injury Liability $10,000.00 each person, $20,000.00 each occurrence." In agreeing with the insurance company's contention that under the policy the limit of liability for injury to one person and all damages resulting therefrom be they direct or consequential, is $10,000, the Court said:
"To us, the pertinent language of the policy is clear that the liability limit intended for bodily injury to one person covered all damages flowing from that one individual's injuries, including the cost of care and the loss resulting from disability. The recoverable damages, direct and consequential are essentially due to the bodily *382 injury of one person. They may not be broken up in order to increase the liability limit provided for. The limit of liability applies to the person injured and not to the person suffering loss. Any other construction would completely annihilate that language of the policy, which reads, `Such limits of liability for all damages includes damages for care and loss of services arising out of bodily injury, sickness or disease.' * * * In the body of the policy, it is also stated that the `limit of bodily injury liability stated in the declarations as applicable to each person is the limit of the company's liability for all damages sustained by one person.'" (169A. 2d, at p. 540)
Plaintiff cites Migatz v. Jersey Mutual Cas. Ins. Co., 107 N.J.L. 343 (E. & A. 1931), in support of its position. However, that case is not controlling since both husband and wife were injured in the same accident. In the case at bar, only the wife was injured in the accident and the husband sues for loss of services.
It is the settled rule of insurance contract construction that in case of ambiguity the contract will be construed most strictly against the insurer. Hoboken Camera Center, Inc. v. Hartford Acc. & Indem. Co., 93 N.J. Super. 484 (App. Div. 1967). However, it is also the rule that if the terms of the contract of insurance are unambiguous and clear, they are taken in their plain and literal sense. When a contract of insurance is clear, the court is bound to enforce it as written. Kook v. American Surety Co. of New York, 88 N.J. Super 43 (App. Div. 1965).
The consequential damages of the husband are to be included in the policy limits applicable to one personal injury. The insurer has already paid the maximum under the policy limits ($25,000), thus barring the husband's claim for any further recovery from defendant for loss of services.
Summary judgment is hereby granted in defendant's favor on the first count of the complaint.