227 So.2d 328 (1969)
George Anthony SKROH, As Administrator of the Estate of Anthony George Skroh, Deceased, Appellant,
v.
The TRAVELERS INSURANCE COMPANY, a Corporation, and Allstate Insurance Company, a Corporation, Appellees.
No. L-41.
District Court of Appeal of Florida. First District.
October 28, 1969.
*329 Lefferts L. Mabie, Jr., of Levin, Askew, Warfield, Graff & Mabie, Pensacola, for appellant.
Frank C. Bozeman, of Harrell, Caro, Middlebrooks & Wiltshire, Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellees.
JOHNSON, Chief Judge.
The appellant herein was plaintiff below and in his capacity as administrator of the estate of his deceased son, who was killed in an automobile accident, obtained a judgment in the sum of $11,250, against a Mr. Newby, the insured.
The appellant, as father of his deceased son, had also brought a damage suit, as such father under Chapter 768, Florida Statutes, F.S.A. against the said Mr. Newby, the insured, resulting in a judgment in the sum of $20,000. The two cases were consolidated for trial in the lower court, but resulted in two separate judgments as pointed out supra.
The appellees had each insured Mr. Newby with similar policy provisions and limitations of $10,000 for each person.
After the judgments were obtained as pointed out supra, The Travelers and Allstate paid the $20,000.00 judgment in full and all costs of both suits, each company paying $10,000, plus their respective shares of the costs.
Thereafter the action sub judice was instituted by the appellant in a garnishment proceeding against the two insurance companies involved.
Each insurance company filed answers setting forth basically the same defense, namely, that said company had paid out the limit of its liability to "each person" injured in the accident in question, and praying the court to discharge them from further liability under the said writ of garnishment. The plaintiff-appellant, filed replies to the answers of the insurance company garnishees, setting forth the contention that the policies provided that each company was obligated to pay up to a limit of $10,000 for each person injured and that Anthony George Skroh (the deceased son) was injured in said accident from which injuries he died, and that the primary obligation under said policies was to pay the claim of the person injured and from which death resulted. Said answers further stated that the payment of the other judgment to the father was not in satisfaction of the judgment for injury to the deceased, *330 as requested by the administrator's judgment.
We think the one point involved here is whether or not, under the standard automobile liability insurance policy, which limits liability to $10,000 to "each person" for bodily injuries, may the estate of a person dying as a result of such bodily injuries, as well as a parent or survivor entitled to sue, under the wrongful death of a minor statute, each collect the maximum limit of liability as two separate entities?
Under the terms of the policies, the lower court answered the above question in the negative and this court concurs in such ruling. It appears from a reading of the provisions of the policies that there was intended only one maximum payment for "bodily injury" to the one injured.
The appellant has raised an interesting technical point, namely: that the appellees have paid the judgment for the secondary (rights) claim of the father for pain and suffering he sustained, but have not paid the judgment for the primary claim, the injury to the deceased and/or his estate.
The appellant contends that under the language of the policy the words "bodily injury" means bodily injury, "sickness or disease", including death therefrom; and that the father's pain and suffering resulted from the son's injury and therefrom constituted a sickness or disease, within the purview of the wording of the policy.
We cannot agree with this contention. The bodily injury referred to in the policy, we think, clearly indicates only such injury to the body of the injured, or a sickness or disease contracted by the injured as a result of injury, the same as the death resulting therefrom, and cannot be properly construed to include the pain and suffering of a survivor as falling within the terms "sickness or disease" resulting to the injured. Whether or not the appellees have paid and satisfied the wrong judgment, in the light of our holding last supra, we do not feel necessary to answer. Admittedly the appellant's point with reference thereto is not entirely fallacious, but inasmuch as the appellees have paid out to the same person, the father, the total of their liability, we are compelled to agree with the trial court's order holding that the appellees (garnishees below) had "satisfied in full all obligations due under the applicable contracts of insurance * * *", and discharging the appellees from any liability under the writ of garnishment.
For the reasons stated, the order appealed from is affirmed.
WIGGINTON and SPECTOR, JJ., concur.