224 N.J. Super. 348 (1988)
540 A.2d 871
FLORENCE HAINES WOLFE, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF BRENDA HAINES, DECEASED, WALTER HAINES, SR., MILDRED M. HAINES, WALTER HAINES, JR., SHARON HAINES, HARRY B. HAINES AND ALAN HAINES, PLAINTIFFS-RESPONDENTS,
v.
STATE FARM INSURANCE CO., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 22, 1988.
Decided April 11, 1988.
*349 Before Judges DREIER and ASHBEY.
Garrigle, Chierici, Palm & Wright, attorneys for appellant (Donald R. Chierici, Jr., on the brief).
Wayne Partenheimer, attorney for respondents (Wayne Partenheimer, on the brief).
The opinion of the court was delivered by ASHBEY, J.A.D.
On March 11, 1984, Brenda Haines died from being exposed to carbon monoxide while she sat in a car belonging to David A. Phillips. Brenda's father pulled her from the car, and carried her into the house and called the local first aid squad. Brenda's parents and their other children watched helplessly as the first aid squad's revival attempt failed. They filed claims for wrongful death, survivorship and emotional distress against the estate of Phillips. Phillips' liability insurance carrier, defendant State Farm Insurance Co. (State Farm), disclaimed maximum coverage on the $25,000-per-injury/$50,000-per-accident liability policy. Plaintiffs filed a declaratory judgment action against State Farm seeking a declaration that more than one person suffered bodily injury as a result of Brenda's death, and seeking *350 to require State Farm to pay on behalf of Phillip's estate the policy limit of $50,000 per accident, rather than the policy limit of $25,000 per injury.[1] Following cross-motions for summary judgment, the judge granted plaintiffs' summary judgment motion and denied that of defendant. Defendant appeals from the ensuing June 5, 1987 order, contending as it did before the Law Division that the individual family members' claims for emotional distress are derived entirely from Brenda Haines's one bodily injury. We affirm.
State Farm's claim that there was one injury, Brenda's death, equates the claim of Brenda's family with the per quod claim of a spouse, which would undeniably be included within State Farm's $25,000-per-injury limit for Brenda's death. See Williams v. State Farm Mutual Auto Ins. Co., 99 N.J. Super. 377, 379 (Law Div. 1968), aff'd 104 N.J. Super. 403 (App.Div. 1969), aff'd 54 N.J. 580 (1969). Accord: Travelers Indem. Co. v. Cornelsen, 272 Md. 48, 321 A.2d 149 (1974); Graham v. American Casualty Co. of Reading, Pa., 261 La. 85, 259 So.2d 22 (1972); United Services Auto. Ass'n. v. Warner, 64 Cal. App.3d 957, 135 Cal. Rptr. 34 (Cal. App. 1976); Skroh v. Travelers Ins. Co., 227 So.2d 328 (Fla.App. 1969). The stated rationale for this limitation is that a per quod claim is one for consequential damage flowing from the injuries to another, rather than damage for direct injury. See Annotation, "Construction and Application of Provision in Liability Policy Limiting Amount of Insurer's Liability to One Person," 13 A.L.R.3d 1228, 1234 (1967). The question posed by this appeal is whether plaintiffs' cause of action for the negligent infliction of emotional distress is analogous.
*351 An action per quod is of ancient origin. A husband originally sought damages for the loss of his wife's society, companionship and services due to the fault of another. Ekalo v. Constructive Serv. Corp. of America, 46 N.J. 82, 84 (1965). That doctrine has been expanded over the years, not only for married claimants, id. at 95, but also for parents, concerning the loss of services of a child. Orr v. Orr, 36 N.J. 236, 239-240 (1961).
Plaintiffs assert that the law of consortium is inapposite because, under Portee v. Jaffee, 84 N.J. 88 (1980), emotional distress claims are not derivative, but separate and independent actions. Defendant argues that plaintiffs' cause of action can be both derivative and independent, relying upon Tornquist v. Perkowski, 208 N.J. Super. 88, 96-97 (Law Div. 1984), and Orr v. Orr, supra, where our Supreme Court said,
[W]hile ordinarily the facts establishing initial liability of the defendant to the child must be proved in a parent's cause of action for consequential damages, application of the term `derivative' to such a cause of action does not thereby transform what is basically a separate cause of action into one which is dependent upon the continued existence of another. [36 N.J. at 239].
See Ekalo v. Constructive Service Corp. of America, supra, 46 N.J. at 90 (1965); Neely v. Kossove, 198 N.J. Super. 503, 505 (Law Div. 1984).
We reject defendant's reasoning. We have addressed the difficulty in reconciling the derivative yet separate nature of a per quod claim by stating that such a claim is separate only in the sense that it is a separate element of a damage claim. Tichenor v. Santillo, 218 N.J. Super. 165, 175 (App.Div. 1987).
In Goncalvez v. Patuto, 188 N.J. Super. 620 (App.Div. 1983), we held that a claim for emotional distress is significantly different from a per quod claim. There a release of a wrongful death claim, survival claim and a per quod claim by parents did not bar decedent's brother's claim for emotional distress. We said,
Even more significant is the fact that Rui's emotional injury claim constitutes his own independent cause of action. Unlike all the claims made in the first action resulting from Mario's injury and death, Rui's emotional injury claim is not derivative therefrom in any practical or technical sense. Its *352 status is precisely the same as if he had sustained his own physical injury in the bicycle-automobile accident but no suit on his behalf was simultaneously instituted. [Id. at 628. (emphasis added)].
The distinction is also made clear in Portee v. Jaffee, supra. "While any harm to a spouse or a family member causes sorrow, we are here concerned with a more narrowly confined interest in mental and emotional stability. When confronted with accidental death, `the reaction to be expected of normal persons,' ... is shock and fright." 84 N.J. at 100. It is the "sensory perception of a shocking event" which causes a separate, compensable injury. Acevedo v. Essex County, 207 N.J. Super. 579, 585 (Law Div. 1985). In a Portee claim, it is the plaintiff's perception which causes the perceiver to "suffer a traumatic sense of loss." Portee, supra, 84 N.J. at 99. Such emotional distress is not the equivalent of grief from losing a loved one, but is inflicted by the trauma of seeing a loved one suffer or die or of seeing efforts to revive her being unsuccessful. Eyrich for Eyrich v. Dam, 193 N.J. Super. 244, 258-259 (App.Div. 1984), certif. den. 97 N.J. 583 (1984).
Defendant also urges that emotional distress is not a "bodily injury" and therefore is not an injury covered by a policy which limits coverage to "bodily injury." Phillips' policy defined "bodily injury" as "bodily injury to a person and sickness, disease or death which results from it." Contrary to defendant's contention, this definition, which defines "bodily injury" as "bodily injury," is anything but clear and should therefore be construed against defendant. See Sparks v. St. Paul Ins. Co., 100 N.J. 325, 336 (1985); Hoboken Camera Center, Inc. v. Hartford Accident & Indemnity Co., 93 N.J. Super. 484 (App.Div. 1967); 13 Appleman, Insurance Law and Practice, sec. 7401 at 197 (1976).
In NPS Corp. v. Insurance Co. of North America, 213 N.J. Super. 547, 551 (App.Div. 1986), we held that the term "bodily injury" in an employer's liability policy encompassed claims for emotional distress resulting from the unauthorized offensive touching of an employee's person. There we noted *353 that the policy (as in this case) did not expressly limit bodily injury to physical harm. Viewing the terms from "the general expectations of the average purchaser in the light of the contract language," Linden Motor Freight Co., Inc. v. Travelers Ins. Co., 40 N.J. 511, 525 (1963); see Ellmex Const. Co., Inc. v. Republic Ins. Co., 202 N.J. Super. 195, 204-205 (App. Div. 1985); Great American Ins. v. Lerman Motors, Inc., 200 N.J. Super. 319, 326 (App.Div. 1984), we reject defendant's urging that we construe the term "bodily injury" narrowly in the light of the alternate, broader term, "personal injury." Defendant's reliance upon Williams dicta, 99 N.J. Super. at 380, concerning policy language is misplaced.
Defendant's reliance upon Skroh v. Travelers Insurance Company, supra, 227 So.2d 328 (Fla.App. 1969) and United Pacific Insurance Co. v. Edgecomb, 41 Wash. App. 741, 706 P.2d 233 (Wash. App. 1985) is also misplaced. While in both cases plaintiffs were unable to recover beyond the policy monetary limits for one injury, in neither case was a Portee claim involved. In Skroh, plaintiff father claimed damages for pain and suffering stemming from the loss of his son and not for his own injury, 227 So.2d at 330. In Edgecomb, the court stated that the father's claim was derivative from his son's injuries particularly because he did not witness the accident, 706 P.2d at 234.
Plaintiffs rely upon and defendants attempt to distinguish Employers Casualty Insurance Co. v. Foust, 29 Cal. App.3d 382, 105 Cal. Rptr. 505 (1972). While that case resolved the identical policy construction question in plaintiffs' favor, defendant asserts that the court there found that the emotional distress was accompanied by physical injury and that this construction was determinative. Id. 105 Cal. Rptr. at 508. We need not decide whether, as plaintiffs argue, the California courts require physical harm merely as a matter of proof of emotional distress (see Dillon v. Legg, 68 Cal.2d 728, 69 Cal. Rptr. 72, 441 P.2d 912 (1968); but see Molien v. Kaiser Found. Hosps., 27 Cal.3d 916, 167 Cal. Rptr. 831, 616 P.2d 813 (1980), *354 cited in Strachan v. John F. Kennedy Memorial Hospital, 109 N.J. 523 (March 16, 1988) (slip opinion at 19)) or, as defendant contends, California's emotional distress law requires evidence of physical harm. We are persuaded that, in New Jersey, a cause for emotional distress is a separate action, not a derivative claim, and that plaintiffs' insurance contract construction must prevail. Goncalvez v. Patuto, supra, 188 N.J. Super. at 628. Moreover, the term "bodily injury" encompasses a claim for emotional distress. NPS Corp. v. Insurance Co. of North America, supra, 213 N.J. Super. at 554.
Plaintiffs were thus entitled to summary judgment as a matter of law. R. 4:46-1; Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74-75 (1954); Milacci v. Mato Realty Co., Inc., 217 N.J. Super. 297, 300-301 (App.Div. 1987).
We accordingly affirm the June 5, 1987 order.
NOTES
[1] The limits of liability in Phillips' policy were:

The amount of bodily injury liability coverage is shown on the declarations page under `Limits of Liability  Coverage A  Bodily Injury, Each Person, Each Accident.' Under `Each Person' is the amount of coverage for all damages due to bodily injury to one person [$25,000]. Under `Each Accident' is the total amount of coverage for all damages due to bodily injury to two or more persons in the same accident [$50,000].