274 N.J. Super. 592 (1994)
644 A.2d 1136
STEPHANIE DEFELICE, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF CRAIG DEFELICE, PLAINTIFF-APPELLANT,
v.
LANA J. BEALL AND NEW JERSEY AUTOMOBILE FULL INSURANCE UNDERWRITERS ASSOCIATION (JUA), JOINTLY, SEVERALLY AND/OR IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 25, 1994.
Decided July 11, 1994.
*593 Before Judges KING, HAVEY and ARNOLD M. STEIN.
*594 Michael A. Donio argued the cause for appellant (Michael A. Donio, P.C., attorneys; Mr. Donio on the brief).
Phyllis Coletta argued the cause for respondents (Magargee, Youngblood, Franklin & Corcoran, attorneys; Ms. Coletta on the brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
We affirm the order of the motion judge denying plaintiff's motion for partial summary judgment as to liability limits.
We reject plaintiff's contention that each of decedent's dependents has an independent cause of action under the Wrongful Death Act, N.J.S.A. 2A:31-1 to -6, and thus should be entitled to coverage under the "per accident" provision of the automobile insurance policy, and that each dependent may recover for loss of advice, services and companionship. We conclude that all of the dependents' claims are subject to the "per person" limit of the policy because such claims are derivative and dependent upon the direct injury to the decedent.
On December 4, 1990, Craig DeFelice collided with an automobile driven by defendant Lana J. Beall. He died later that day as a result of the injuries he sustained in the accident. He was survived by his widow, two teenage children of a previous marriage and one infant child.
Beall was insured by a policy issued on behalf of the New Jersey Automobile Insurance Underwriters Association (JUA). Her policy had liability coverage limits of $250,000 per person and $500,000 per accident. The policy provides:
A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident.
Bodily injury is defined as "bodily harm, sickness or disease, including death that results."
The insurance policy contains specific provisions relating to its limits of liability. It provides that:

*595 A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:
1. "Insureds;"
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.
Plaintiff, Stephanie DeFelice, decedent's widow and the administrator ad prosequendum of the estate of Craig DeFelice, sued Beall, seeking wrongful death and survivorship damages. The JUA was later added as an additional defendant.
The judge denied plaintiff's motion for partial summary judgment on the issue of liability limits. The order was certified as final pursuant to R. 4:42-2 and this appeal followed.[1]
New Jersey has not yet addressed the issue of whether a dependent's right to share in the recovery of pecuniary loss under the Wrongful Death Act should be considered a separate and independent cause of action or whether it is considered derivative of the claim of the injured person, similar to a loss of consortium claim.
In Williams v. State Farm Mut. Auto. Ins. Co., 99 N.J. Super. 377, 240 A.2d 38 (Law Div. 1968), aff'd, 104 N.J. Super. 403, 250 A.2d 155 (App.Div.), aff'd, 54 N.J. 580, 258 A.2d 368 (1969), the Law Division held that a husband's claim for loss of services and medical expenses is included under the $25,000 limit of liability for bodily injury to one person, not under the $100,000 limit for two or more persons. Id. at 379, 240 A.2d 38. Judge Salvest wrote:
The husband's per quod claim is a loss resulting from a single injury suffered by his wife. The $25,000 limit provided by the policy is not a limit upon the amount *596 which may be received by one person. It is a limit on the total amount which may be recovered for injury to one person. It matters not how many may legally share in the recovery; the total recovered from the company cannot exceed the limits of its liability under its contract for injury to one person.
[Ibid.]
See also Wolfe v. State Farm Ins. Co., 224 N.J. Super. 348, 350, 540 A.2d 871 (App.Div.), certif. denied, 111 N.J. 654, 546 A.2d 562 (1988) (dicta: a per quod claim of a spouse would undeniably be included within the per injury limit for the wife's death). See also In re Harris Arbitration v. Security Ins. Group, 140 N.J. Super. 10, 12, 354 A.2d 704 (App.Div. 1976) (a husband's uninsured per quod recovery is included within the policy's $10,000 limit of liability for damages because of bodily injuries sustained by one person); Boyd v. Steele, 107 N.J. Super. 405, 410, 258 A.2d 719 (App.Div. 1969) (a husband's claim is derivative and arises from his relationship to his wife and where the husband himself was not involved in the accident and was not physically injured he would have no claim against the uninsured defendant). We see no reason why the claim of a minor child should be treated differently than the claim of a spouse.
Other jurisdictions hold that a claim for loss of consortium by either the injured person's spouse or child, who is not physically injured in the accident, is recognized as derivative of the claim of the bodily injured person, and that damage claims for loss of consortium are subject to the "per person" limitation. See Federal Kemper Ins. Co. v. Karlet, 189 W. Va. 79, 428 S.E.2d 60, 63-64 (1993); Weekley v. State Farm Mut. Auto. Ins. Co., 537 So.2d 477, 480 (Ala. 1989); Stillman v. American Family Ins., 162 Ariz. 594, 785 P.2d 114, 117-18 (Ct.App. 1990); Izzo v. Colonial Penn Ins. Co., 203 Conn. 305, 524 A.2d 641, 645 (1987). A similar view is expressed in a prominent text on insurance law:
[W]here a wife or child is injured, the husband or parent may also suffer consequential injuries by reason of liability for hospital and doctor bills or for loss of services or consortium. But it has been held that these different types of injuries cannot be split up, in order to bring the claim within the higher policy limits; they are regarded as essentially injuries to one person, so that the lower policy limits applicable to injuries sustained by any one person would govern. [8A John Alan Appleman, Insurance Law and Practice § 4893 (1981).]
*597 The same is true with respect to a claim made under the Wrongful Death Act. The cause of action for those suffering pecuniary loss is brought by a single party as administrator ad prosequendum or executor. N.J.S.A. 2A:31-2. An individual dependent has no separate cause of action under the Act. Schueler v. Strelinger, 43 N.J. 330, 349, 204 A.2d 577 (1964).
Cincinnati Ins. Co. v. Phillips, 52 Ohio St.3d 162, 556 N.E.2d 1150 (1990), relied upon by plaintiff, is of no assistance to plaintiff. Rosa Phillips lost control of her car and collided with an automobile operated by David Thompson. Id. 556 N.E.2d at 1150. Thompson died later that day from injuries sustained in the accident. His wife, a passenger in the car, was injured in the collision. Mrs. Thompson and their minor daughter sued Phillips and her husband for, among other claims, David's wrongful death, and his pre-death bodily injuries and pain and suffering and emotional distress resulting from the accident. Id. at 1151. The Phillipses had a $100,000 per-accident, $300,000 per-occurrence automobile liability policy. Ibid.
In a 4-3 decision, a three-judge plurality of the Ohio Supreme Court held that under the policy the Thompsons had at least three justiciable claims: David Thompson's personal injury/survivorship claim, Mrs. Thompson's personal injury claim and the wrongful death claim. Id. at 1154-55.
Under our case law, the wrongful death claim and Mrs. Thompson's personal injury claim would have each been afforded single-limit coverage. See Wolfe v. State Farm Ins. Co., supra, 224 N.J. Super. at 350-54, 540 A.2d 871 (family members' emotional distress resulting from observing wrongful death of another is a separate, compensable injury giving rise to an independent cause of action); Alfone v. Sarno, 168 N.J. Super. 315, 321, 403 A.2d 9 (App.Div. 1979), modified on other grounds, 87 N.J. 99, 432 A.2d 857 (1981) (under the Wrongful Death Act, survivors of those who die from wrongful acts can receive compensation for their pecuniary losses).
*598 We hold that where one person is injured and dies from injuries sustained in an automobile accident, the loss of care, guidance, advice, and services claims of the dependents are subsumed in a single action under the Wrongful Death Act, and are components of a single pecuniary loss claim. The claim of the administrator ad prosequendum or the executor is subject to the per-person limit of the policy.
We also decline to hold that each dependent in a wrongful death case has an independent cause of action, akin to pain and suffering. In Portee v. Jaffee, 84 N.J. 88, 417 A.2d 521 (1980), the Supreme Court of New Jersey held that a parent can recover for damages for the emotional anguish of watching her young child suffer and die in an accident caused by the defendant's negligence. Id. at 100-101, 417 A.2d 521. The Court held that a cause of action for negligent infliction of emotional distress could be maintained as long as there was proof of the following elements:
(1) [T]he death or serious physical injury of another caused by defendant's negligence; (2) a marital or intimate, familial relationship between plaintiff and the injured person; (3) observation of the death or injury at the scene of the accident; and (4) resulting severe emotional distress.
[Id. at 101, 417 A.2d 521.]
See also Dunphy v. Gregor, 136 N.J. 99, 114-15, 642 A.2d 372 (1994) (under appropriate circumstances an unmarried cohabitant is entitled to the protection of bystander liability for negligent infliction of emotional injury).
Plaintiff's reliance upon Wolfe v. State Farm Ins. Co., supra, is misplaced. In Wolfe, a child died from being exposed to carbon monoxide while she was inside a car belonging to another party. Her father pulled her from the car and carried her into the house and called the first aid squad. "[Her] parents and their other children watched helplessly as the first aid squad's revival attempt failed." 224 N.J. Super. at 349, 540 A.2d 871. The parents then filed claims for wrongful death, survivorship and emotional distress against the estate of the owner of the car. Ibid.
We distinguished between wrongful death claims and the type of emotional distress caused by the trauma of watching a loved *599 one suffer or die or watching the unsuccessful efforts to revive a loved one. Id. at 351-52, 540 A.2d 871. We held that the plaintiffs' claims for emotional distress were separate rather than derivative, and that the $50,000 per-accident rather than the $25,000 per-injury policy limit was applicable. Id. at 354, 540 A.2d 871.
This decedent's dependents were not within the "zone of risk" when the death occurred. None of them witnessed DeFelice's death. Moreover, this is a wrongful death case and the act does not recognize damage claims for emotional suffering caused by the death of another where the claimant did not actually witness the death. See Green v. Bittner, 85 N.J. 1, 12, 424 A.2d 210 (1980). The purpose of New Jersey's Wrongful Death Act is to provide compensation for pecuniary losses suffered by survivors of those killed by wrongful acts. N.J.S.A. 2A:31-5; Alfone v. Sarno, supra, 168 N.J. Super. at 321, 403 A.2d 9.
Plaintiff's claim that the policy's language was ambiguous is clearly without merit. R. 2:11-3(e)(1)(E).
Affirmed.
NOTES
[1] The order should not have been certified as final. "R. 4:42-2 allows a trial court to certify as final an order that `would be subject to process to enforce a judgment ... if it were final'.... [I]t is a misuse of R. 4:42-2 to make immediately appealable an order ... which provides no affirmative relief." Kurzman v. Appicie, 273 N.J. Super. 189, 191-92, 641 A.2d 566 (App.Div. 1994). We will treat this appeal as if leave to appeal from an interlocutory order had been sought and granted pursuant to R. 2:5-6(a).