**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2315-17T1

KIRANDEEP KAUR,
as Administrator Ad
Prosequendum of the ESTATE
OF SURINDER P. SINGH,
deceased, and KIRANDEEP
KAUR,

      Plaintiffs-Appellants,

v.

GARDEN STATE FUELS, INC.,
and R.A. REIFF, INC.,

      Defendants,

and

WOODBURY GULF, LLC and
ARJUN GOYAL,

      Defendants-Respondents.
_____

Submitted December 11, 2018 – Decided April 12, 2019

Before Judges Rothstadt and Natali.

On appeal from Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-1144-15.

The Beasley Firm, LLC, attorneys for appellants (Lane R. Jubb, Jr., on the briefs).

Spector Gadon & Rosen, PC, attorneys for respondents (John T. Asher, III, on the brief).

PER CURIAM

The decedent in this matter, Surinder P. Singh, was tragically and fatally shot during the course of a robbery at defendant Woodbury Gulf LLC's (Woodbury) gas station, where he had been employed. After filing a claim under the Workers' Compensation Act ("Act"), N.J.S.A. 34:15-1 to -142, against Woodbury and one of its members, defendant Arjun Goyal, plaintiff Kirandeep Kaur filed her complaint in this matter individually, and in her representative capacity on behalf of her late husband's estate. She appeals from the Law Division's order on summary judgment dismissing her complaint with prejudice. The motion judge found that plaintiff's settlement of her claims under the Act barred her from filing this action. For the reasons that follow, we affirm.

"We summarize the facts, as we must, in the light most favorable to plaintiffs to determine whether the grant of summary judgment in favor of defendants was appropriate." Univ. of Mass. Mem'l Med. Ctr., Inc. v. Christodoulou, 180 N.J. 334, 339-40 (2004). While decedent was employed by Woodbury, it was the owner of

the gas station and Goyal and Balkar Saini were its sole members, with Goyal being responsible for managing Woodbury's employees, including decedent. After his murder, decedent was survived by plaintiff and two minor daughters.

On December 22, 2014, plaintiff filed a dependency claim petition under the Act with the State of New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation. In her petition, plaintiff identified herself and her children as decedent's dependents. At the time she filed her petition, Woodbury was not insured for workers' compensation claims as required by law.[1]

Woodbury, Goyal, Saini, and plaintiff, through counsel, resolved plaintiff's petition and incorporated their settlement into a proposed order approving the settlement under N.J.S.A. 34:15-20 (Section 20) of the Act. The order identified plaintiff as petitioner, noted that there were "contested issues" as to "liability" and "causal relationship," and stated that the order had "the effect of a dismissal with prejudice, being final as to all rights and benefits of the petitioner and is a complete surrender and release of all rights arising out of this/these claim petition(s)." Under the order, plaintiff was to receive a lump sum settlement in the amount of $150,000, payable by a $30,000 initial payment, followed by $5000 monthly payments for twenty-four months.

---

[1] See N.J.S.A. 34: 15-71; N.J.S.A. 34:15-77 to -15-79.

3

Referring to the portion of the Act dealing with death benefits for dependents, the order also stated that "[t]he parties agree that this settlement . . . does not contemplate a complete and absolute surrender and release of any and all rights by the petitioner's dependents as defined by N.J.S.A. 34:15-13 [(Section 13)] arising out of this/these claim petition(s)." Neither the order nor the "addendum of terms and conditions" that the parties attached to it mentioned any of the decedent's children.

The order was signed by plaintiff as petitioner, and Goyal and Saini "individually and for Woodbury Gulf." The judge of compensation did not sign the proposed order at that time, but as stated on the record, withheld entry until all payments due under its terms were made in full.

When the parties appeared before the judge of compensation on March 28, 2016, the judge questioned plaintiff as to her understanding of the settlement and its finality. In response, plaintiff confirmed that she understood that under a "Section 20 settlement" she could not "come back and seek additional benefits later." She also confirmed she accepted the "settlement voluntarily and of [her] own free will." In response to further questioning by Woodbury's attorney, plaintiff again indicated that she understood that she could not seek any additional amount from Woodbury or its members.

A-2315-17T1

At the hearing, there was no mention of the decedent's children and when the parties were questioned about plaintiff's acceptance of the settlement and the release of her claims, reference was only made to plaintiff. The children were only inferentially mentioned once by the judge of compensation, who noted on the record that "[t]his []agreement does not contemplate a release of other dependents['] rights."

On April 13, 2018, counsel for the parties appeared again before the judge of compensation and confirmed that all payments under the agreement had been made. The judge found that the settlement order was entered into freely and voluntarily; was final as to all of plaintiff's rights and benefits; and would serve as a complete and absolute surrender and release of all rights arising out of the claim petition. However, the judge also stated that the settlement did not contemplate a release of decedent's dependents' rights.

Three years prior to the settlement before the judge of compensation, on August 21, 2015, plaintiff filed this action against Woodbury and others,[2] alleging that its negligence led to the decedent's murder. Her complaint also asserted a claim under the Survivor's Act, N.J.S.A. 2A:15-3, for her husband's pain and suffering, and for his death under the Wrongful Death Act, N.J.S.A. 2A:31-1 to -6. The complaint also demanded punitive damages. Plaintiff amended her complaint in

---

[2] Plaintiff settled her claims against the other defendants.

2017 to join Goyal as a defendant. Woodbury and Goyal filed responsive pleadings that asserted, among other defenses, that plaintiff's claims were barred in whole or in part under the Act, including, but not limited to, the exclusivity provisions stated under N.J.S.A. 34:15-8.

On December 8, 2017, defendants filed a motion for summary judgment. In their supporting materials, defendants explained that they directly paid plaintiff the $150,000 in full settlement of her claim because Woodbury's workers' compensation insurance had lapsed. Defendants asserted that under the Act, the payment barred plaintiff's claims. They also argued that plaintiff could not prove that defendants were negligent or Goyal was liable individually, and that plaintiff's demand for punitive damages was unsupported by the record.

Plaintiff opposed the motion and argued because Woodbury's insurance had lapsed and the order exempted decedent's dependent's claims, the Act did not bar her action. Plaintiff relied upon the express language of the settlement order, N.J.S.A. 34:15-7, which she argued applies "only where the employer is either insured or approved for self-insurance and makes payments 'according to the schedule contained in sections 34:15-12 and [Section 13],'" as well as the fact that Woodbury did not make payments according to the statutory schedule. Plaintiff contended that because decedent earned $430 per week, the full dependency benefits to which

plaintiff was entitled under Section 13 was $301 per week for the remainder of her forty-seven year life expectancy, for a total of $735,000, which she did not receive. She emphasized that the order stated that "[t]he payment hereunder shall be recognized as payment of workers' compensation benefits for insurance rating purposes only," and argued that payments made under Section 20 are not recognized as compensation for any purpose other than insurance rating. Additionally, plaintiff noted that the $150,000 was paid by Goyal and Saini personally, rather than through an insurance policy.

On January 12, 2018, the parties appeared before the motion judge for oral argument. After considering the parties' positions, the judge granted defendants' motion for summary judgment, finding that the settlement under Section 20 barred plaintiff's complaint. The judge also rejected plaintiff's contention that the order approving settlement explicitly stated that it did not release the right of decedent's dependents, preserving the children's claims. He also found that defendants' lack of workers' compensation insurance was not an intentional wrong that would remove this case from the statutory bar. The judge entered an order granting summary judgment to defendants and dismissing the complaint. This appeal followed.

On appeal, plaintiff argues that the Act's bar to recovery does not apply in this case because Woodbury and Goyal did not agree to pay to her "the statutory workers'

compensation benefits set forth in Section 13." She also contends that defendant's payment of a "lump sum settlement" under Section 20 did "not surrender [her] right to common[]law remedies." Last, plaintiff contends the settlement did not surrender the children's rights.

In reviewing orders for summary judgment, we use the same standard as the trial court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). We decide first whether there was any genuine issue of material fact. If there was not, we then decide whether the trial court's ruling on the law was correct. Walker v. Atl. Chrysler Plymouth, 216 N.J. Super. 255, 258 (App. Div. 1987). Where, as here, the issues on appeal are primarily legal in nature, our review of the trial court's legal rulings is de novo. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382-83 (2010); see also Manalapan Realty LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference").

Applying that standard, we begin our review by acknowledging the purpose of the Act. In New Jersey, it is well-settled that workers' compensation laws provide an "expeditious and certain remedy for employees who sustain work injuries by the statutory imposition of absolute but limited and determinate liability upon the employer[.]" Wilson v. Faull, 27 N.J. 105, 116 (1958) (citing Cardillo v. Liberty

Mut. Ins. Co., 330 U.S. 469 (1947)); see also Christodoulou, 180 N.J. at 352 ("One of the goals of the Workers' Compensation Act is to secure for the parties an effective, fair, and inexpensive procedure"). The Act "is remedial social legislation and should be given liberal construction in order that its beneficent purposes may be accomplished." Torres v. Trenton Times Newspaper, 64 N.J. 458, 461 (1974); see also Fitzgerald v. Tom Coddington Stables, 186 N.J. 21, 30 (2006). In considering questions relating to workers' compensation in general, we have adhered to our understanding that the "ultimate purpose . . . is to provide a dependable minimum of compensation to insure security from want during a period of disability." Id. at 31 (quoting Naseef v. Cord, Inc., 48 N.J. 317, 325-26 (1966)); see also Cruz v. Cent. Jersey Landscaping, Inc., 195 N.J. 33, 42 (2008).

The statutory scheme under the Act represents a compromise whereby "[t]he employee surrenders his right to seek damages in an action at law in return for swift recovery independent of proof of fault." Wilson, 27 N.J. at 116. The Act provides "swift recovery" by requiring that "compensation for personal injuries to, or for the death of, [an] employee by accident arising out of and in the course of employment shall be made by the employer without regard to the negligence of the employer[.]" N.J.S.A. 34:15-7. "The Act also applies to any claim for the death of an employee . . . arising under statutes governing wrongful death claims generally,

N.J.S.A. 2A:31-1 to -6." Cruz, 195 N.J. at 43; see N.J.S.A. 34:15-4 ("The provisions of this article shall apply to any claim for the death of an employee arising under sections 2A:31-1 to 2A:31-6 of the New Jersey Statutes").

The employee's surrender of his or her rights is provided for in N.J.S.A. 34:15-8, which states the following:

> Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article and an acceptance of all the provisions of this article, and shall bind the employee and for compensation for the employee's death shall bind the employee's personal representatives, surviving spouse and next of kin, as well as the employer, and those conducting the employer's business during bankruptcy or insolvency.
>
> If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.

That statute grants absolute immunity to employers from common law negligence suits by employees. Cellucci v. Bronstein, 277 N.J. Super. 506, 518 (App. Div. 1994); see also McDaniel v. Lee, 419 N.J. Super. 482, 490 (App. Div. 2011) ("The statute's exclusivity bar also prohibits an injured employee's legal action to recover for injuries caused by a fellow employee") (citing Basil v. Wolf, 193 N.J. 38, 54 n.7 (2007)). "With certain limited exceptions, the . . . Act is the exclusive

A-2315-17T1

remedy for an employee who suffers a work-related injury.  N.J.S.A. 34:15-7, -8."

Christodoulou, 180 N.J. at 346.  For that reason, "the so-called exclusive remedy

provision of the . . . Act [is] often referred to as the Workers' Compensation bar."

Laidlow v. Hariton Mach. Co., Inc., 170 N.J. 602, 611 (2002).

The Act provides benefits for an injured employee under N.J.S.A. 34:15-12

that are different and independent from benefits payable to a deceased worker's

family under Section 13.  See Kibble v. Weeks Dredging & Constr. Co., 161 N.J.

178, 185 (1999).

We previously explained the distinction as follows:

> Under our Work[ers'] Compensation Act, when an injury
> or disability is caused to an employee by accident or
> disease arising out of and in the course of his employment,
> the employee is entitled to compensation for temporary
> and permanent disability in accordance with the schedule
> of payments set forth in N.J.S.A. 34:15-12.  If death results
> from the accident or occupational disease, the employee's
> dependents (widow and children) are entitled to
> compensation benefits as provided in N.J.S.A. 34:15-13.
> The rights of these dependents to compensation are
> independent and separate rights flowing to them from the
> act itself.  They are not rights to which they succeed as the
> representatives of the deceased [employee].  These new
> rights accrue at the time of the employee's death.
>
> [Roberts v. All Am. Eng'g Co., 104 N.J. Super. 1, 7 (App.
> Div. 1968) (citations omitted).]

Moreover, in Kibble, the Court explained that a dependent's right to Section 13 "death benefits is an independent right derived from statute, not from the rights of the decedent. Accordingly, death benefits are not affected by compromises or releases executed by decedent, or by an adverse holding on decedent's claim, or by claimant's failure to claim within the statutory period." Kibble, 161 N.J. at 185 (quoting 2 Arthur Larson, The Law of Workmen's Compensation § 64.00 (1989)) .

"The Act includes specific provisions that govern calculation of the amount of compensation to be paid to dependents of an employee who dies during the course of his or her employment. N.J.S.A. 34:15-13." Cruz, 195 N.J. at 43. Those death benefits "terminate after 450 weeks, unless the decedent is still then survived by a minor dependent. N.J.S.A. 34:15-13(j)." Id. at 44.

The distinct death benefits payable under the Act are similar to those recoverable by a decedent's estate against a third-party who is not an employer subject to the Act. Dependency benefits paid to a petitioner under Section 13 "are, in part, to redress [the dependent's] . . . loss of [the decedent's] companionship and society." DeLane v. City of Newark, 343 N.J. Super. 225, 233 (App. Div. 2001). They are recoverable in a Wrongful Death Act action for the "the loss of care, guidance, advice and services." Ibid. (quoting DeFelice v. Beall, 274 N.J. Super. 592, 598 (App. Div. 1994)). A "recovery . . . represent[s] past and future economic

loss to the class of beneficiaries entitled to share in the proceeds of the action." Mc Mullen v. Md. Cas. Co., 127 N.J. Super. 231, 238 (App. Div. 1974).

"A survival action claim clearly does not arise" under the Wrongful Death Act. DeLane, 343 N.J. Super. at 235. "[T]he survival claim is for the pain and suffering that [the employee] experienced from the time of [his fatal injury] until his death." Ibid. Dependency benefits paid to a deceased employee's family under the Act do not include compensation payable to a deceased employee's estate for his or her pain and suffering. Id. at 236.

With these guidelines in mind, we turn to the issue of whether a Section 20 settlement barred plaintiff's claims in this action. Section 20 addresses disputes over whether an injury or death is compensable under the Act. It states that where there is a

> dispute over or failure to agree upon a claim for compensation between employer and employee, or the dependents of the employee, either party may submit the claim, both as to the questions of fact, the nature and effect of the injuries, and the amount of compensation therefor according to the schedule herein provided, . . . .
>
> [N.J.S.A. 34:15-20.]

The same section addresses the resolution of any dispute by agreement. It states the following:

After a petition for compensation or dependency claims has been filed, seeking compensation by reason of accident, injury or occupational disease of any employee, and when the petitioner is represented by an attorney of the State of New Jersey, and when it shall appear that the issue or issues involve the question of jurisdiction, liability, casual relationship or dependency of the petitioner under this chapter, and the petitioner and the respondent are desirous of entering into a lump-sum settlement of the controversy, a judge of compensation may with the consent of the parties, after considering the testimony of the petitioner and other witnesses, together with any stipulation of the parties, and after such judge of compensation has determined that such settlement is fair and just under all the circumstances, enter "an order approving settlement." Such settlement, when so approved, notwithstanding any other provisions of this chapter, shall have the force and effect of a dismissal of the claim petition and shall be final and conclusive upon the employee and the employee's dependents, and shall be a complete surrender of any right to compensation or other benefits arising out of such claim under the statute. Any payments made under this section shall be recognized as payments of workers' compensation benefits for insurance rating purposes only.

[Ibid.

"Section 20 is a settlement mechanism available to the employee, the employee[']s dependents, and the employer to avoid a hearing on contested issues and to provide the parties with the security of a certain outcome." Christodoulou, 180 N.J. at 347-48. "For a Section 20 lump-sum settlement to be effective, the only statutory requirements are that the settlement be approved by the judge of

compensation as 'fair and just under all the circumstances,' and that the settling petitioner be represented by counsel." Kibble, 161 N.J. at 188. "Receipt of a lump sum settlement under N.J.S.A. 34:15-20 constitutes an implied acknowledgment that the claimant's disability was work-related and compensable under the Workers' Compensation Act." Sperling v. Bd. of Review, 301 N.J. Super. 1, 5 (App. Div. 1997).

A Section 20 settlement bars a subsequent lawsuit against the paying employer as it would be unfair to hold the employer liable for both common law damages and workers' compensation liability. Hawksby v. DePietro, 165 N.J. 58, 66-67 (2000). Therefore, a Section 20 settlement is "designed to achieve a complete settlement of all issues for all of the parties concerned." Christodoulou, 180 N.J. at 349 (quoting Univ. of Mass. Mem'l Med. Ctr., Inc. v. Christodoulou, 360 N.J. Super. 313, 320 (App. Div. 2003)).

However, a Section 20 settlement between the employer and a claimant "cannot extinguish the rights of those who do not participate, or do not have the opportunity to participate, in a settlement." Christodoulou, 180 N.J. at 348 (citing Kibble, 161 N.J. at 194-95 (holding that consent of worker's dependents must be obtained for Section 20 settlement that purports to waive dependency benefits)). Strangers to the agreement are not bound by its terms. Id. at 349.

Applying these principles to the facts here, we conclude that plaintiff clearly settled all of her disputed claims against Woodbury and Goyal through the Section 20 settlement and her complaint was properly dismissed as a matter of law. As noted, her complaint sought recovery for her late husband's injuries and death that she claims arose from Woodbury's and Goyal's negligence. Those are precisely the types of claims to which the Workers' Compensation bar applies and which were the subject of her action before the judge of compensation.

We observe, however, that the Section 20 settlement order expressly preserved dependency claims under Section 13. Not only was the preservation of those claims designated on the order itself, but the judge of compensation repeatedly confirmed that plaintiff's acceptance of the Section 20 settlement did not interfere with Section 13 rights. In fact, the record makes clear that plaintiff never indicated she was accepting the settlement on behalf of her children and that neither the judge nor either counsel mentioned their interest, except for the judge noting that the Section 13 dependent claims were preserved. However, the preservation of their claims under Section 13 did not give rise to a right to avoid the Workers' Compensation bar and pursue, either directly or indirectly, relief from Woodbury or Goyal through the present action. Any further entitlement to benefits must have

been pursued under Section 13 and determined by a judge of compensation if disputed.

The fact that Woodbury had not maintained any insurance at the time of plaintiff's claim does not alter the outcome here. The Act requires that such insurance be maintained or that the employer provide proof of financial ability to be self-insured. Failure to do results in the possibility that the employer or its officers will be subject to disorderly person offenses or, if intentional, be charged with a fourth-degree crime. Moreover, it also exposes the employer's officers or members to personal liability. See N.J.S.A. 34: 15-71; N.J.S.A. 34:15-72; N.J.S.A. 34:15-77 to -15-79. Their failure to maintain insurance did not alter the effect of the Workers' Compensation bar, especially since plaintiff took advantage of the Act's statutory scheme to obtain benefits under the Section 20 settlement.

To the extent we have not expressly addressed any of plaintiff's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2315-17T1